Adams *v.* Woods & Haskell.

*Thompson, Irving & Pate*, for Appellant.

*E. Cook and John Saunders*, for Respondent.

## ADAMS *v.* WOODS & HASKELL, No. 1,892.

Generally a receiver can pay out nothing except on order of Court, but there are exceptions to the rule; nor will he be denied reimbursement in every case in which he neglects to obtain the order, especially in a Court of Equity.

Where a receiver was authorized, by order of the Court appointing him, to prosecute suits for the recovery of assets of the estate he represents, and, certain important mercantile books belonging to such estate being lost, the receiver paid $1,127 for their recovery, without an order of Court; *Held*, that he was entitled to a credit for this sum as part of the necessary or appropriate expenditures of his office.

APPEAL from the Fourth District.

The circumstances as to the recovery of the books of Adams & Co., for which the receiver paid the $1,127, are not set out in the record. The case comes up on exceptions to a referee's report rejecting various items of disbursement by the receiver. As to the item of the books, the opinion of the Court below says: "This sum was paid as a reward for recovering the lost books of Adams & Co. At and before the time of its payment, I was applied to by Mr. Park, then acting as the attor-

ney of plaintiff in this suit, and also by Mr. Naglee, (the receiver) to make an order for the payment of this money; I declined, and stated to the parties my reasons: that it was not a proper charge against the fund in Court."   *   *   *   The receiver was sued by Park for this money—Park, as the attorney of plaintiff, having paid it in the first instance—and judgment obtained against him for the amount, and execution being issued, he paid it.

This item the Court below disallowed, stating in addition to the above, that the judgment against the receiver must have been recovered on the ground, that he rendered himself personally liable by contracting in his individual character.

The receiver appeals.

*Saunders & Hepburn,* for Appellant, cited *Adams* v. *Woods & Haskell,* 6 Cal. 115, 475; 8 Id. 315, 158; Bland. Ch. R. 421; Edw. on Rec. 7, note *a;* 9 Cal. 24; 2 Story Eq., sec. 831 *et seq;* Hill on Trustees, 832.

*Heydenfeldt,* for Intervening Creditors, relied on *Adams* v. *Woods & Haskell,* 8 Cal. 152; 9 Id. 24, and Edw. on Rec.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

We see no errors in the decree of the District Court on the referee's report upon the accounts of Naglee, receiver, except the disallowance of eleven hundred and twenty-seven dollars for money paid for the recovery of the books of Adams & Co.   We think this sum should have been allowed him.   It is true, the general rule is stated to be that the receiver is to pay out nothing without the order of the Court. (Edw. on Rec. 104.)   But this rule is not unqualified.   Some exceptions apply.   Nor does it follow that, in every case in which he neglects to obtain this order, he must necessarily be denied reimbursement, especially in a Court of Equity.   But in this case the receiver was authorized to prosecute suits for the recovery of the assets of the estate he represented; and this item may be regarded as a part of the necessary or appropriate expenditures to the proper prosecution of the suit and the protection of the interests of the creditors.   If the receiver had sent to Oregon for a witness, who knew the same facts contained in these books, we presume the charge for it would not be disputed;

and we see no difference in principle between such an item of expenditure and that before us.   (See Hill on Trustees, 571.)

We remand the case, that this error may be corrected by a modification of the decree in this respect.   The decree is otherwise affirmed, but without costs.