THOMAS J. BUNTAIN, Plaintiff in Error, *v.* JOHN W. BLACKBURN, Administrator of Paul N. Moyer, deceased, Defendant in Error.

### ERROR TO EDGAR.

A bill to restrain the collection of a judgment, should not only show a good reason why the evidence was not saved by a bill of exceptions, but should also show what the evidence was which authorized the judgment complained of, and the grounds of his defense, the reason, if any, why it was not made, and such other facts as would make a case, or there will not be error in the dismissal of the bill.

THIS was a proceeding on the chancery side of the Edgar Circuit Court.

The record shows, that on the 7th day of December ,1857, Thomas J. Buntain, complainant, filed his bill in said court, praying injunction, etc. The bill represents that John W. Blackburn, as administrator of Paul N. Moyer, deceased, who was thereby made defendant to this bill, at the April term of the Edgar Circuit Court, 1857, obtained a judgment, as afterwards set forth, against complainant, for the sum of

$89.04, and costs, on which execution had issued against the goods and chattels of complainant, which was in the hands of a deputy sheriff of Edgar county, who had levied the same on the lands of the complainant; that said sheriff would proceed to coerce the collection of said judgment, etc., unless restrained, etc. Bill shows how judgment was obtained; sets forth a contract for renting a mill; a breach of the contract, and a subsequent oral contract in lieu of the first. Shows occupancy of mill premises under said last contract, and repairs done to amount of $140; that repairs equalled rent, and that complainant overpaid the same, $40 in cash. That at a suit for rent, complainant set up said repairs and money paid as set-off, and asked judgment for surplus. That judgment was rendered against complainant for $79.21 and costs; that he appealed to Edgar Circuit Court; that at the May term, 1856, thereof, the case was tried, and judgment rendered against complainant. Motion made for and new trial granted, and case tried at the October term, 1856, but no judgment then rendered. That no judgment was ever rendered in court while in session. That complainant is informed that on the last day of the April term, 1857, late in the evening, the judge being sick, and confined to his room, the papers in the case were delivered by the judge to an assistant clerk of the Edgar Circuit Court, with a memorandum in pencil on the back of papers, " Mot. overruled and judgment aff. $89.04;" that said papers were taken to the clerk's office, and judgment there entered as in open court, although the complainant is informed and charges, that the court had then adjourned, and that being unannounced, he knew nothing of said judgment until about the close of the September term, 1857. That, believing the case still under advisement, until the night on which the September term, 1857, closed, he inquired of the court as to the case, when he was informed of the judgment at the term previous; charges inability to apply for new trial, to appeal, or file bill of exceptions on which to base writ of error, the court having been adjourned; charges absence of remedy at law, issuance of execution, and collection of judgment unless restrained; prays redress, and for an injunction restraining deputy sheriff, and the defendant, John W. Blackburn, from all further proceedings under judgment, etc., until further order, etc.; waives answer under oath, and asks that injunction be made perpetual, etc., and for all other and proper relief, both special and general, etc.

At the special January term, 1860, of the Circuit Court, it appears, that the defendant demurred orally to complainant's bill, in which there was oral joinder, and that defendant then

withdrew his demurrer and filed his answer to complainant's bill.

The answer of defendant is a formal general admission or denial of the allegations of bill—fixing the date of the judgment erroneously in 1858 instead of 1857.

The final order in the case is as follows:

"Now come the parties, and the court being advised in the premises, does now order and decree, that the injunction herein be dissolved, and cause is dismissed at the complainant's costs. It is therefore ordered, adjudged, and decreed by the court, that the defendant recover of the plaintiff his cost and charges in this behalf expended, and hereof have execution," etc.

The errors assigned are six in number, as follows:

That the court below erred in entertaining the jurisdiction of the cause, when all the parties were not before it.

That it erred in dissolving the injunction and dismissing the cause, upon the coming in of the answer of one of the defendants, Blackburn, such answer being unsupported by the oath of defendant, or by *ex parte* affidavits, for that purpose.

That it erred in dissolving injunction and dismissing the cause, no motion to that end having been submitted, etc.

That it erred in dissolving the injunction and dismissing cause.

That court below erred in rendering decree against complainant for the payment of costs of defendant Blackburn.

And that the court below erred in disposing of the case, until cause set down for hearing.

C. H. CONSTABLE, for Plaintiff in Error.

S. P. READ, for Defendant in Error.

CATON, C. J. This case depends entirely on the sufficiency of the bill. If that states such a case as should induce a court of equity to grant a new trial, then undoubtedly, the court erred in dissolving the injunction and dismissing the bill. The circumstances stated in the bill, we think, show a sufficient excuse for not having presented the evidence in a bill of exceptions, so that he could assign for error, the finding of the court upon the evidence. But the misfortune is, that he does not show what the evidence was before the court, on the trial at law. For aught that appears, the evidence was conclusive, showing the plaintiff's right to the judgment which he recovered, without the least shadow of a defense by the defendant. The complainant does not claim in his bill, that the court

committed the least imaginable error upon that trial, or that the judgment of the court was wrong. But he does complain that he had a good defense to that action, which he sets out in the bill, but he does not say that he presented that defense on the trial at law, nor does he give the least excuse for not having done so. The presumption is that he did not present his defense on that trial, through his own neglect. I this was not so, he should have shown it in his bill. We cannot presume it without averments. It makes no difference whether the decree was made at the April or at the January term.

The decree was right, and must be affirmed.

*Decree affirmed.*