# MARYLAND REPORTS.

## APRIL TERM, A. D., 1878.

ANN MARIA FRAZIER and EDWARD H. FRAZIER, her husband *vs.* ALFRED WHITE, WILLIAM J. FRAZIER and S. SANDS MILLS, Sheriff.

*Construction of sec. 4, of Art. 45, of the Code—How a Married Woman must sue at Common law—When an Injunction to stay the execution of a fieri facias issued against certain personal property claimed by a Married Woman, not the proper Remedy.*

Sec. 4, of Art. 45, of the Code, imparts the most ample authority to *fémes covert* to resort to all the remedies known to Courts of law or equity for the redress of injury or assertion of right, but it does not mean to confound the jurisdiction by authorizing a bill in equity to be filed for an injury which is properly cognizable in a Court of law, or *vice versa* to proceed at law in a case properly cognizable in Courts of equity.

Where the injury to be redressed is one which may be compensated in damages, or the right of property may be tried in an action of replevin, the plaintiff although a married woman, is still required to resort to the forms of action prescribed by the common law, with this difference that she must sue by her next friend.

A bill was filed by A. M. F. and her husband, for an injunction to restrain an execution levied upon personal property which was alleged to be the property of A. M. F. and not that of the defendant in the execution. The bill alleged that the property levied on consisted of machinery and tools, which was being operated by A. M. F. in the manufacture of machinery of various

1           

kinds, the stoppage of which would entail upon her great and irremediable loss, and the destruction of the business; and that the judgment under which the execution was levied was the result of a conspiracy between the plaintiff and defendant in the judgment, whereby the property in question should be sold at a ruinous sacrifice under cover of legal proceedings, the business of A. M. F. utterly ruined, and her property unlawfully taken from her. HELD:

That assuming the allegations of the bill to be true, the complainants, had mistaken their remedy.

APPEAL from the Circuit Court of Baltimore City.

This appeal was taken by the complainants from a decree of the Court below (GILMOR, J.,) dissolving a temporary injunction, and dismissing the bill with costs.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, STEWART, MILLER and ALVEY, J.

*Wm. H. S. Burgwyn,* for the appellants.

Though there is no such allegation in the bill, the evidence establishes the fact that a judgment against William J. Frazier and Alfred White, would result in no benefit to the plaintiffs, as both are virtually insolvent. The sheriff, who levied the execution, is dead, and although it is not contended that his bond is not sufficient, still an action on his bond would result in great delay and loss to the appellees, who, according to the evidence, are actively engaged in the use of said machinery, tools, &c., and dependent upon the use and operation of the same for their support. This was decided by the Court of Appeals in the case of *McCreery vs. Sutherland,* 23 *Md.,* 471, to furnish a proper ground for an injunction, as these were elements of apprehended damages and injury alleged, for which the law does not afford an adequate and sufficient remedy, either by action of trespass, or by replevin.

It is not alone a sufficient ground to refuse the injunction that there is a remedy at law. In the case of *Holland*

*vs. Mayor, &c.,* 11 *Md.,* 186, the Court granted an injunction to restrain the sale of the complainant's property, to pay for the paving of a street, which had been illegally assessed upon the complainant, holding that "where ample and perfect justice can be done, equity will interfere to prevent multiplicity of suits."

And in the case of *Barnes, &c. vs. Compton Adm'rs,* 8 *Gill,* 391, the Court say, "chancery will entertain a bill which, on its face, discloses a complete remedy at law, where sufficient ground is shown for going into equity," and that where chancery has original jurisdiction, it will not be ousted by law giving to Courts of common law, power over the same subject. Also to same effect, see *Withers, et al. vs. Denmead,* 22 *Md.,* 135.

In the present instance, the evidence shows that a person having use for the property to conduct the machine business, could not replace the same for less than $18,000 or $20,000; whereas it would not bring at a sale over $2000 or $2500. Replevin surely would be no adequate remedy for the appellees in this case, as from the nature of the articles, they would probably be bought by any number of purchasers, and in each case there would require a separate action, and a separate bond. *Hyde, et al. vs. Ellery, et al.,* 18 *Md.,* 496; *Lucas, et al. vs. McBlair, et al.,* 12 *G. & J.,* 1.

If there were no other ground for the granting of the relief prayed by the appellants in this case, the conspiracy between William and his alleged creditor, White, to seize the property of a third person under the cover of legal proceedings, furnishes an ample one. Equity will not permit the process of the law to be availed of as a means to consummate a fraud, and work an injury on an innocent party. *Bargate, et al. vs. Shortridge,* 5 *H. H.,* 297; *Fernibaugh vs. Leader,* 15 *Law Journal,* 468; *Kerr on Injunction, pages* 49 *and* 548; *Story's Equity Jurisprudence, secs.* 875, 885, 887.

If Mrs. Frazier is the *bona fide* owner of the property levied upon under the said execution, the previous decisions of the Court of Appeals conclude the matter, and the injunction must be made perpetual. In *Bridges, &c. vs. McKenna*, 14 *Md.*, 258, the Court say, "whatever appertains to the separate property of a married woman, has always been a peculiar subject of jurisdiction of Courts of equity." And that although by the Act of 1853, ch. 245, a married woman has a remedy at law for the taking of her property under an execution issued upon a judgment obtained against her husband, a Court of equity is not deprived thereby of the jurisdiction which it had before to enjoin said execution; the plain design of said Act being to enlarge and not to restrain the remedies of married women.

It is apprehended that it also was not the design of the Code, Art. 45, sec. 1, to restrain, but rather, still farther, to enlarge the remedies of married woman; and that the fact that in this case, the complainant's property has been seized under execution issued on a judgment against her son, and not against her husband, will not deprive her of the protection which chancery is ever solicitous to extend to one in her situation. *Niller, &c. vs. Johnson, &c.*, 27 *Md.*, 6.

*Sebastian Brown*, for the appellees.

If Mrs. Frazier owned the property taken under execution, the proceeding by injunction could not be sustained, because she has an adequate remedy at law. *Lewis, et al. vs. Levy*, 16 *Md.*, 85; *Pfeltz, et al. vs. Pfeltz, et al.*, 14 *Md.*, 376; *Freeland vs. Reynolds*, 16 *Md.*, 416; *Fort vs. Groves*, 29 *Md.*, 188; *Chappel, et al. vs. Cox*, 18 *Md.*, 513; *Myers, et al. vs. King*, 42 *Md.*, 65.

The property of a married woman may be protected from seizure under an execution against the husband, but otherwise she is restricted to the ordinary legal remedies.

1 *Code, Art.* 45, *sec.* 1; *Schindel vs. Schindel*, 12 *Md.*, 108; *Bridges & Woods vs. McKenna*, 14 *Md.*, 258.

The allegation in the bill that Mrs. Frazier was carrying on business, and that the machinery and business were of such a nature, that if the machinery, &c. was sold under execution, no adequate remedy would lie at law, has not been sustained, nor would it justify an injunction if it had been. A jury could certainly assess damages proportionate to the loss incurred. If such a doctrine were sustained, a Court of equity would be required in every such case, to investigate the character of property seized, and the nature of the business affected by the seizure and sale. Courts have not yet gone to such a length as this. But the machinery seized was of the ordinary character used in a thousand such shops; the business was a common one, and that business was not carried on by Mrs. Frazier. In fact the business was scarcely carried on at all.

The suit is instituted by husband and wife, whereas the wife should have sued by her next friend. *Bridges & Woods vs. McKenna*, 14 *Md.*, 258; *Myers, et al. vs. King*, 42 *Md.*, 65; 1 *Code, Article* 45, *sec.* 4.

Bowie, J., delivered the opinion of the Court.

The bill in this case is filed by Anna Maria Frazier and Edward H. Frazier, her husband, of the City of Baltimore, against Alfred White, William J. Frazier, and S. Sands Mills, sheriff, to obtain an injunction to stay the execution of a writ of *fi. fa.* issued by White on a judgment obtained by him against William J. Frazier, his co-defendant, and levied by Mills, as sheriff, on certain personal property, which the complainant, Anna Maria, claims to own in her own right.

The gravamen of the bill is, that the complainant, Anna Maria, being the owner of certain tools and machinery, in her own right, located in certain tenements Nos. 132 and 134 in Thames street, Baltimore, of the value of ten thou-

sand dollars, and being actively engaged in operating said machinery and tools, in the manufacture of machinery of various kinds and descriptions. the stoppage of which would entail upon her great and irremediable loss, and the destruction of her business, the defendant, Wm. J. Frazier, leased the houses from Edward J. Frazier in October, 1874, and occupied the same until October, 1876, when he surrendered the same to the said Edward. That afterwards at January Term, 1877, of the Court of Common Pleas, the said William J. Frazier, fraudulently caused a suit to be instituted against himself by one Alfred White, and confessed judgment thereon for $1240.

That on the same day, a writ of *fieri facias* was issued on said judgment, and in obedience to its commands, S. Sands Mills, Esq., sheriff of said City, has levied the same upon the machinery and tools in Nos. 132, 134 Thames street, and advertised the same for sale.

The complainants charge that the suit instituted by White against William J. Frazier, is a conspiracy entered into between them, whereby the machinery and tools in the premises Nos. 132, 134 Thames street and the property of the complainant, Anna Maria, should be sold at a ruinous sacrifice, under cover of legal proceedings, the business of said oratrix utterly ruined, and her property unlawfully taken from her, etc.

They allege the complainants have not an adequate and sufficient remedy at law, wherefore they prayed an injunction, and other and further relief.

A provisional injunction was granted with leave to move for its dissolution, upon filing the answers of the defendants.

Frazier and White answered separately, and both deny all the material averments of the bill. Each, specially pleads, that the complainants have a full, adequate and complete remedy at law, for any loss they might sustain by reason of said judgment and proceedings thereunder.

They deny that the complainant, Anna Maria Frazier, owns said property, or that she is carrying on the business, and charge that she is not entitled to relief in equity.

A commission was issued by agreement of counsel, to have the same effect as if issued to the standing commissioner, under which voluminous testimony was taken and returned.

The learned Judge below, upon argument of the case, dissolved the injunction and dismissed the bill for want of jurisdiction.

This preliminary objection standing at the threshold of the case, it is proper it should be first examined and disposed of, as upon the result depends the question, whether it will be necessary to enter upon the merits of the controversy.

There can be no doubt, if the injury complained of was committed against a person " *sui juris,*" a *féme sole* for instance, that the remedy at law being full, adequate and complete, a Court of equity would not intervene.

There is nothing in the character of the goods, or nature of the business pursued by the complainant, Anna Maria Frazier, which exempts them from the general rule, recognized by this Court in numerous instances. *Vide Lewis, et al. vs. Levy,* 16 *Md.,* 90 ; *Pfeltz, et al. vs. Pfeltz, et al.,* 14 *Md.,* 381.

The instruments in this case, under which the complainant, Anna Maria Frazier, claims title to the tools and machinery, seized in execution, and the sale of which is sought to be enjoined, (described as being in Nos. 132, 134 Thames Street, Baltimore,) convey to her directly the property therein described. Under the first and second sections of the Code of Pub. Gen. Laws, Art. 45, if valid and *bona fide*, they invest her with a separate interest and right in the property so conveyed, and the fourth section of the same Article, declares " a married woman having no trustee, may *by her next friend,* sue in a Court of law,

or equity, in all cases for the recovery, or security or protection of her property, as if she were a *féme sole.*"

This section imparts the most ample authority to *fémes covert*, to resort to all the remedies known to the Courts of law or equity, for the redress of injury, or assertion of right, but it does not mean to confound the jurisdiction of the several Courts, by authorizing a bill in equity to be filed for an injury which is properly cognizable in Courts of law, or *vice versa*, to proceed at law in a case properly cognizable in Courts of equity. Where the injury to be redressed is one which may be compensated in damages, or the right of property, may be tried in an action of replevin, the plaintiff, although a married woman, is still required to resort to the forms of action prescribed by the common law, with this difference, that she must sue by her next friend.

Assuming the allegations of the bill to be true, it is manifest that the complainants have mistaken their remedy, and there is no alternative left to this Court, but to affirm the decree below.

*Decree affirmed,*
*with costs to the appellee.*

