# LADD & BUSH *v.* RAMSBY.

SERVICE BY PUBLICATION—INSUFFICIENCY MUST BE SPECIFICALLY ALLEGED.—
Where garnishees seek to restrain an execution because the judgment
on which it was issued was void, and for the further reason that no pro-
cess of garnishment had been served upon them, the facts must be fully
and unequivocally stated. Thus, when service was had by publication,
it is not enough to allege that the affidavit for the order was insufficient;
it must be shown wherein it was insufficient.

ALTERNATIVE PLEADING—INJUNCTION.—Alternative pleading, as that the
judgment debtor was either dead when the proceedings were com-
menced, or else resided in Umatilla county in this state, is bad. An in-
junction can be granted only upon positive averments.

SEMBLE.—That if the proceedings were void, there is an adequate remedy
at law against the sheriff as a trespasser.

APPEAL from Marion County. The facts are stated in
the opinion.

*J. A. Stratton,* for respondent.

*N. B. Knight,* for appellant.

By the Court, WALDO, J.:

This is a suit to enjoin an execution issued on a judg-
ment had against A. H. Simmons as judgment debtor,
and sought to be enforced against the respondents as gar-
nishees. The complaint alleges that on or about the 20th day
of September, 1880, Thomas Cann deposited at the banking
house of the respondents the sum of $532 33, to the credit
of A. H. Simmons, of Simmon's landing, in Umatilla county,
Oregon, where said Simmons at that time lived. That he
had since, as respondents are informed and believe, died;
that on or about the 16th day of December, 1880, an action
was brought in the circuit court for Marion county against
the said A. H. Simmons by F. W. and J. G. Paine, partners
under the firm name of Paine Brothers, in which they al-
leged that said Simmons was indebted to them in a sum

named; that said F. W. and J. G. Paine undertook to obtain service of summons on the said Simmons by publication, but that said proceedings were irregular and void on their face, because there was no sufficient affidavit for an order of publication. That at about the same time said Paine Brothers wrongfully had a writ of attachment issued and placed in the hands of R. C. Ramsby, sheriff of Marion county, which said writ they pretend has been served upon the respondents as garnishee. That on said pretended service a judgment was had against said A. H. Simmons. And respondents allege that said judgment is wholly void, for the reason aforesaid, and further that if said defendant therein is intended as the Simmons to whose credit said deposit was made, then the said judgment is absolutely void for the reason that the Simmons last referred to was dead at the time of the filing of the said complaint and the rendition of said judgment, and if the said Simmons to whose credit said money was deposited, were alive, it would be void for the reason that the said court did not obtain jurisdiction over him, as his place of residence was in Umatilla county, in which county the venue of said action should have been laid, nor could service on Simmons in such case have been made by publication.

An injunction will only be granted in a clear case, and upon an unequivocal statement of the facts constituting the grounds therefor. The allegation of the insufficiency of the affidavit for publication of summons—if of any importance, when other statements in the complaint are considered—is defective, since it is for the court and not the pleader to say that the affidavit is insufficient. The facts showing the insufficiency must be set out.

The alternative allegation that Simmons was either dead when the action was commenced, or at that time resided in

Umatilla county, is bad, and affords no ground for relief. (Gould's Pleadings, p. 55, note 14.) The respondents in the first part of their complaint allege that they have been informed and believe that Simmons was dead when the action was commenced.

Appellant's counsel cite *Armstrong* v. *Sandford*, 7 Minn., 49, to show that an injunction will not be ordered on facts stated only on information and belief. At all events the effectiveness of this allegation is overthrown by the subsequent allegations which involve the question of death in uncertainty. It is also alleged that respondents were never garnisheed, which, if true, would make the sheriff a trespasser. · But it is alleged that a writ of attachment was wrongfully sued out, and that said sheriff did, by virtue of said writ, pretend to garnishee the respondent. After this, a bare allegation "that the said Ramsby never did garnishee the said $532.33, or any part thereof," is pleading what the pleader thinks to be the effect of the proceedings of garnishment, and not the want of any actual service of process upon the garnishees. If the proceedings against Simmons were void, as the respondents had already endeavored to allege, then the garnishee proceedings were also void, however perfect in themselves, and it cannot be said that the complaint intends more. But admitting that the proceedings against Simmons, exclusive of those on the attachment, are valid, then if the plaintiffs wished to allege that they had never been garnisheed, they should have alleged the nonexistence of facts fatal to a valid garnishment. It is not sufficient that the pleader thinks there has been no garnishment. He must state fully the facts from which the court can see that there has been no garnishment. (*Sawer* v. *City of Kansas*, 69 Mo., 46; *Brundage* v. *Candle*, 25

Texas, 387; *Buntain* v. *Blackburn*, 27 Ill., 406; *Tye* v. *Catching*, 78 Ky., 469.)

Also, a statement may be sufficient to invite an issue in a mere pleading, and yet insufficient to warrant an injunction. (*Redfield* v. *Middleton*, 7 Bosw., 649.) It follows, therefore, that conceding that the ruling would have been otherwise had the invalidity of the judgment or of the garnishment been shown by proper allegations, there is no sufficient statement of facts in the complaint to authorize a court to order an injunction, and the demurrer to the complaint should have been sustained.

But if the facts were sufficiently alleged, and the judgment against Simmons on the garnishee proceedings were void, it is doubtful if a cause of suit could be stated. The position of a garnishee is one of embarrassment. As a mere stake-holder he is entirely innocent in the controversy between the original parties, and yet liable to be subjected to expense to protect himself. (*Moore* v. *Railroad Co.*, 43 Iowa, 385; *Walters* v. *Washington Ins. Co.*, 1 Iowa, 411.)

Hence, it seems he should not interfere in the controversy between the original parties, or plead other defenses than those necessary to protect himself. Any attack he may make on the judgment against the judgment debtor, must be a collateral attack, (*Peters* v. *League*, 13 Md., 58,) and consequently he should be protected in making payment where such judgment can only be attacked directly. But if the judgment against Simmons is void on its face for the want of a sufficient affidavit, or because of the invalidity of the attachment, it does not follow that the garnishees are entitled to an injunction. The void execution may be quased on motion. (*Sauchey* v. *Carriaga*, 31 Cal., 170.) Besides, if the judgment is void, or the plaintiffs had never been garnisheed, they would not be in any degree

charged by the proceedings. They would seem to stand in a position similar to that of a party whose property has been levied on to satisfy the debt of a third person. In theory, the purpose of an injunction is to stay irreparable mischief; it stays a threatened evil, the consequences of which cannot adequately be compensated, were it suffered to happen. (*Edwards* v. *Albany Mining Co.*, 38 Mich., 49; *Hawley* v. *Beardsley*, 47 Conn., 571.)

The respondents, therefore, cannot have an injunction if they have an adequate remedy at law, as it will be presumed they have, unless the contrary is specially shown. In *Baker* v. *Rinehart*, 11 West Va., it is held that an injunction will not be granted to stay the sale of the personal property of a third person levied on by the sheriff, unless a case of irreparable injury is made out. The party will be left to his remedy at law. The court goes on to show what is meant by an adequate and complete remedy at law. (See also *Frazer* v. *White*, 49 Md., 1; *Thorn* v. *Sweeny*, 12 Nev., 251, 256; *More* v. *Orr*, 15 Cal., 206; *McCreery* v. *Sutherland*, 23 Md., 471 ; *Richards* v. *Kirkpatrick*, 53 Cal., 433; *City of Portland* v. *Baker*, 8 Or., 356; *Cooper* v. *Hamilton*, 8 Blackf., 377.)

But suppose the invalidity of the judgment consists of matters to be established by extrinsic evidence, as, that Simmons was dead when the process of garnishment was served, or was a resident of Umatilla county? In the former case, *Loring* v. *Folger*, 7 Gray, 505, is authority that the judgment is absolutely void. In such a case the judgment affords no authority for any proceedings against the garnishee. He can attack the judgment collaterally; and as well in a court of law as in a court of equity. The same reason for refusing an injunction would still seem to exist. Be this as it may, for reasons heretofore stated, the demurrer

should have been sustained, and consequently the judgment must be reversed.

Judgment reversed.