CHARLES ROGERS *vs.* MARGARET ROBERTS, by her next friend and husband, THOMAS ROBERTS.

*Illegal distress—Husband and wife—Replevin—Action of Trespass—Estoppel.*

Where a landlord has wrongfully seized and carried away, under an illegal distress, goods of which the wife was the absolute owner, but to the immediate possession of which the husband, by virtue of his marital rights, may have been entitled, and he replevies the goods, and in that suit recovers damages for their detention, as compensation for the disturbance of *his* right of possession, the wife is not estopped by such recovery of her husband, from maintaining an action in trespass to recover damages for any loss which

she may have sustained, by the wrongful distress, as the absolute owner of the goods. Nor is she barred of her right of action by the fact that she knew of the replevin instituted by her husband, and authorized, or acquiesced in the same as a means of recovering possession of her property.

APPEAL from The Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ROBINSON and IRVING, J.

*E. J. D., Cross,* for the appellant.

When there has been a recovery in replevin with damages, this suit is a bar to a suit for damages for illegal distraint. *Phillips vs. Berryman,* 3 *Douglas,* 286; *Moore vs. Watts,* 1 *Ld. Raymond,* 614.

The suit by the husband, independent of any circumstances of knowledge or acquiescence by the wife, was an assertion of his marital rights. The goods being on the premises rented by him, were presumptively in his possession. The recovery by him was a bar to any subsequent suit by the wife. *Herman on Estoppel,* 40; *Schindel vs. Schindel,* 12 *Md.,* 108; *Outram vs. Morewood,* 3 *East,* 346, 366; *Dicey's Parties to Action,* 392, 393; *Willson vs. Sands,* 36 *Md.,* 38; *Keller vs. Keller,* 45 *Md.,* 269; *Woods, et al. vs. McKenna,* 14 *Md.,* 269.

The appellee by assenting to the bringing of the suit, in replevin by her husband, by consenting that Ruth, the security on the bond, should hold the goods to indemnify him from any possible loss therefrom, by her necessary knowledge prior to the replevin having been issued, must be presumed to have authorized it. She consented to this suit: "I knew of this replevin, and desired to get the goods back." She authorized the surety to hold the goods until the replevin suit was decided, and would have signed

the receipt to the schedule had she been present when the sheriff delivered the property.

Her knowledge of, authority for, and assent to, this mode of obtaining possession of her property is clearly shown. By the judgment in replevin, damages were awarded for the taking and detention of the property. The replevin suit by the husband, therefore, was a bar to the trespass suit by the wife. *Schenk vs. Saulter,* 73 *Missouri,* 46; *Connolley vs. Braustler,* 3 *Bush,* 702.

*C. Dodd McFarland,* for the appellee.

MILLER, J., delivered the opinion of the Court.

The appellant, Rogers, rented a house to one Roberts, and the latter being in arrear for rent for nearly thirteen months, the landlord distrained therefor and seized and carried away certain furniture in the house which was the property of Mrs. Roberts, the tenant's wife. There was a fatal defect in the distraint papers, which rendered the proceeding void, and Roberts, the husband, recovered the goods in an action of replevin with $50 damages and costs, which sum was paid by Rogers, the defendant in that suit. Afterwards, Mrs. Roberts by her next friend and husband, brought the action in the present case against Rogers, of trespass *de bonis asportatis,* founding it upon the taking and carrying away of the same goods which were recovered by the husband in the replevin suit.

At the trial the verdict and judgment were in favor of the plaintiff for $100 damages, and the only material question presented by the record and brought up for review by the defendant's appeal is, was there any error in the action of the Court in sustaining a demurrer to his second plea, and in rejecting his first and third prayers. This plea and these prayers assert the single proposition, that the plaintiff cannot maintain this action because her husband had recovered the same goods from the defendant,

by the judgment in replevin, with damages for their detention, and she had authorized and acquiesced in the prosecution of that suit by her husband as a means of recovering possession of her property.

It is the well settled law of this State that the right of possession at the time of issuing the writ, is sufficient to maintain or defeat an action of replevin, and, therefore, the judgment in that action does not necessarily, nor indeed ordinarily, determine the absolute title to the property for all time. Whoever is entitled to the possession at the time of bringing the suit, may maintain or defeat the action, and as his right to succeed depends entirely on such right of possession, it follows, in reason, that his title to damages must be confined to the extent of the interference with that right. Hence, if the right of possession covers all time as in the case of absolute ownership, or be limited to a determinate period, the damages must be graduated accordingly. *Cumberland Coal and Iron Co. vs. Tilghman*, 13 *Md.*, 74; *Mason vs. Sumner*, 22 *Md.*, 312. The logical and necessary consequence of this doctrine is, that if a bailee, agent, or other person having the right of immediate possession, but not being the absolute owner, succeeds in replevin and recovers damages for the detention of the property replevied, such damages, in contemplation of law, are awarded for, and limited to, the loss resulting to the plaintiff from the interference by the defendant with this limited and temporary possession, and while such recovery might be a bar to an action of trespass by the same party for the wrongful taking of the same goods, it can have no other effect, and cannot be a bar to such an action by any other party who may have suffered loss or injury by the same wrongful act. Now, applying this rule to the present case, and what is the result? A landlord has wrongfully seized and carried away, under an illegal distress, goods of which the wife is the absolute owner, but to which the

Rogers *vs.* Roberts.

husband, by virtue of his marital rights, may have been entitled to the immediate possession. The husband replevies the goods, and in that suit recovers damages for their detention. Such damages the law regards as compensation to *him* for the disturbance of *his* right of possession. But the same wrongful act may have resulted in permanent injury to the property, or have otherwise occasioned loss and damage to the *wife* as absolute owner, and she sues in *trespass* for such damages. Now, clearly, it is no answer to her action that her husband has recovered damages in the replevin suit for the loss that he has suffered, nor can she be estopped from maintaining her action by the fact that she knew of the replevin instituted by her husband, and authorized or acquiesced in the same as a means of recovering the possession of her property. The present action is by a different party, and seeks redress for an injury to a different right. We are therefore constrained to hold, there was no error in the rulings complained of, and the judgment must be affirmed.

*Judgment affirmed.*

(Decided 12th July, 1882.)