SELIGMAN HERZBERG and MARX NEW *vs.* HENRY SACHSE, and CAROLINE SACHSE his Wife.

*Husband and Wife—Replevin—When the Wife may sue jointly with her Husband, and when she must sue by Next friend—Art. 45, sec. 4, of the Code—Misjoinder in Replevin—Effect of such Misjoinder—Art. 75, secs. 27 and 28, of the Code—Admissibility of Evidence—Damages recoverable in Replevin.*

An action of replevin to recover the wife's property, may be brought in the names of the husband and wife jointly.

The right to sue by next friend, when necessary or desirable, is a right the wife possesses in addition to her common law rights.

The Statute, (*Code, Art. 45, sec. 4,*) did not intend to take away from the wife the right to sue with her husband, as at common law, if she chose, and it did not endanger any of her rights of property.

The person in possession is the only proper defendant in an action of replevin. But the joinder, as defendant, of a person not in possession of the property, is a defect not altogether fatal to the action; and the plaintiff is entitled under the Code, Art. 75, secs. 27 and 28, to strike out the misjoined defendant.

In an action of replevin for a mare brought by S. and wife against H. & N., the plaintiffs offered evidence tending to show that the mare had been exchanged with H. for one which H. represented to be sound and gentle, and would work single or double. That he found the mare so obtained from H. always balked in driving and was unfit for use as a driving mare; and that about two weeks after the exchange he tendered her back to H., but H. refused to receive her and he left her tied at his gate, and sued out the writ of replevin. The defendants offered testimony tending to prove that the exchange had been made without any misrepresentations or warranty on the part of H., and then offered to prove that after the refusal by H. to receive the mare, and she was left hitched at H's gate, H. turned her loose, and she was taken up as an estray; and kept without use for a week, and was then sold at auction to a doctor who drove her the next day, and continued to drive her, and who, being accustomed to handle horses, was ready to testify

Herzberg and New *vs.* Sachse and Wife.

that the mare was a safe, sound and gentle family horse. On appeal from the refusal of the Court below to admit this evidence, it was HELD:

1st. That the evidence, as tending to show that the mare was gentle, safe, and a good driver, was both material and competent, and was not too remote.

2nd. That in this action no damages were recoverable except such as resulted from the disturbance of the possession, and the plaintiffs were not entitled to recover for breach of contract in the trade.

3rd. That if there was deceit, and the wife's money was received in the exchange through it, that injury could only be redressed by another form of action, brought by next friend.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

*First* and *Second Exceptions* stated in the opinion of the Court.

*Third Exception.*—The plaintiffs offered the following prayer:

That if the jury find that the plaintiff, in behalf of his wife, Caroline, and the defendant, Seligman Herzberg, about the first day of June, 1880, exchanged the mare in question, and forty dollars cash money, the property and money of said Caroline Sachse, for a mare, the property of said Herzberg, and by the terms of the exchange Herzberg warranted his mare sound, gentle and suitable for the purpose of a private family, and to go in single or double harness, with the right to the plaintiffs to return her if, upon trial, she did not come up to the warranty, and that plaintiffs returned the mare in controversy; and shall further find that the mare, upon trial, was not as represented by the warranty, and was, in a reasonable time after trial, returned to Herzberg, and that at the time of the execution of the writ of replevin herein, the mare in question, was in the possession of Max New, one

of the defendants, for sale upon commission, as the agent of Herzberg, and that the said sum of forty dollars has not been paid the plaintiffs, then their verdict must be for the plaintiffs for the property replevied, with damages against the said Seligman Herzberg, in such amount as the jury may find will compensate the plaintiffs for the wrong and injury done, by reason of his failure to comply with the terms of said exchange.

And the defendant Herzberg offered the two following prayers:

1. That there is no evidence from which the jury can find a verdict against him in this case.

2. If the jury find from the evidence, that the mare in question, at the time it was replevied, was in possession of the defendant, New, not as the bailee or consignee of the defendant, Herzberg, but the defendant, New, was the actual owner of the said mare, then the plaintiffs cannot recover against the defendant, Herzberg.

And the defendant, New, offered the following prayer:

1. That if the jury find that the plaintiffs Sachse, and wife, entered into a contract with Herzberg for the exchange. or trade for the mare mentioned in the declaration in this cause, and that said mare was in good faith, and for a valuable consideration, purchased by said New before the issuing of the writ of replevin in this cause, and that said New had no knowledge of the contract between plaintiffs and Herzberg, then their verdict should be for the defendant, New, for the return of said mare, although they may find that said mare was obtained by said Herzberg under a warranty, that the horse delivered to said plaintiffs, was not what he represented her to be at the time of the trade.

And the defendants offered the four following prayers:

1. If the jury find from the evidence in this case, that the plaintiffs traded the mare which was replevied from the defendant, New, with the defendant, Herzberg, for a

bay mare and forty dollars boot, and delivered the replevied mare, and paid said forty dollars, and took the mare, which he obtained from said Herzberg's home, then, in order to recover in this action, the plaintiffs must prove by satisfactory evidence, that said Herzberg induced plaintiffs to make said trade by fraudulent misrepresentations, as to the qualities of the mare he was giving them in exchange, and unless the jury shall find such fraudulent misrepresentations were made, the plaintiffs are not entitled to recover.

2. Even should the jury find from the evidence, that the defendant, Herzberg, obtained possession of the replevied mare by means of fraudulent representations made to the plaintiffs, yet if they find that the defendant, New, obtained said mare from said Herzberg in a *bona fide* trade, without knowing how he, the said Herzberg, obtained the said mare from the plaintiffs, then the plaintiffs cannot recover.

3. If the jury find from the evidence, that the mare replevied was at the time the said trade was made between the plaintiffs and the said Herzberg, the property of the plaintiff, Caroline Sachse, then the plaintiffs, under the pleadings in this case cannot recover.

4. Even should the jury find there was no sale or exchange between defendants, Herzberg and New, but that the mare replevied was simply in the hands of the said New to be sold on commission for said Herzberg, yet their verdict must be for the defendants unless they believe that at the time Herzberg made the trade with Sachse he guaranteed the mare he gave him in exchange to be a safe, gentle mare, and a good driver, and did not tell him she was a green mare, not thoroughly broke, and that he must not take his family behind her for several trials, and further found that the said mare was not a safe, gentle mare, and a good driver, and the plaintiffs returned her in a reasonable time after finding out said facts.

And the Court (GAREY, J.,) granted the plaintiffs' prayer, and rejected the prayers of the defendant, Herzberg, and the third prayer of the defendants, and granted the other prayers of the defendants, as also the prayer of the defendant, New. The defendants excepted.

The jury rendered separate verdicts against each defendant in favor of the plaintiffs, and judgment was entered accordingly. The defendants appealed.

The cause was argued before MILLER, STONE, ROBINSON, and IRVING, J.

*Richard Hamilton,* for the appellants.

*E. Swinney,* for the appellee, Caroline Sachse.

IRVING, J., delivered the opinion of the Court.

This was an action of replevin brought in the name of husband and wife jointly to recover property, alleged in the declaration to be the property of the wife. The defendants, who are appellants, were sued jointly and severed in pleading. The defendant, Herzberg, pleaded *non cepit* and property in his co-defendant, New; who pleaded *non cepit* and property not in plaintiffs but in himself. The trial resulted in two verdicts: one against New for the property, and one against Herzberg for the property mentioned in the writ and forty dollars damages. Judgment was entered accordingly, and this appeal taken by both defendants.

At the trial the plaintiffs offered evidence tending to show, that the plaintiff, Caroline Sachse, owned a mare, which her husband, as her agent, traded with defendant Herzberg, paying Herzberg forty dollars of the wife's money in the exchange; that when the plaintiff, Henry Sachse, tried the mare, Herzberg proposed to exchange, she balked, and that Herzberg said she had not been

driven for some days, and on the assurance that she was sound, gentle, and would work single or double, the exchange was made and the forty dollars boot paid. This exchange was made on the 31st day of May, 1880. Finding the mare "always balked in driving, and was unfit for use as a driving mare," about two weeks after the exchange Henry Sachse, having heard that the mare he traded with Herzberg was in the possession of the defendant New, visited him, and was told by him that he had her in his possession to sell on commission for Herzberg. Thereupon Henry Sachse tendered back to Herzberg the mare which he obtained from him. Herzberg having refused to receive her, Sachse left her hitched at Herzberg's gate, and sued out replevin against both Herzberg and New. Having rested their case, the appellants, (who were defendants,) without offering any testimony in reply, offered a prayer asking the Court to instruct the jury, "that under the pleadings and evidence in this case the plaintiffs cannot recover." This prayer was rejected, and the first exception is to that ruling.

The appellants mainly rely upon two grounds in support of this prayer at this stage of the case. 1. Because the suit is brought in the names of the husband and wife jointly, whereas it is contended the wife should have sued by her next friend. 2. Because Herzberg has been improperly joined as a defendant, it appearing he was not in possession, and there being no evidence sufficient to bind him as having even a constructive possession of the mare.

It has been contended that the first question is not properly before this Court, it not appearing that the question was raised in the Court below. Waiving any question which may arise in that regard, or any other objection to the prayer by reason of the time it was interposed, or the neglect to raise the question by demurrer or plea in abatement, as the cause will, of necessity, be remanded, and may again arise, we will dispose of it. At common

law the wife's remedy for the recovery of the possession of her separate chattels was by joint suit in her own and her husband's name.

By virtue of the marriage tie the husband, as against all persons, except the wife or her trustee, (if she have one,) is entitled to the possession of her chattels. In fact, possessing her and them, his possession is her possession. His possession, therefore, may be interfered with to his injury. This is recognized in *Rogers vs. Roberts,* 58 *Md.,* 519.

The declaration states the horse is the property of the wife. The verdict and judgment only restore possession in accordance with the title laid in the declaration. The husband is bound by the allegation he has made in the *narr.* The judgment on the verdict can give him no right beyond the bare possession which is secured, and an interest in the damages awarded for the disturbance of the possession, for which *only* damages can be given in such suit. It being apparent that his possession may be injuriously disturbed, no objection can be made to the joinder of husband and wife as plaintiffs, because of the judgment. If the wife *only* could be said to be injured by the taking, or if the suit were for some other cause of action whereby, through the judgment obtained, the husband would acquire a power over, or an interest in, the subject-matter, which he would not otherwise have, there would be reason for holding it necessary that she should sue by her next friend. It has been several times decided by this Court that the object and effect of the statute on this subject was to enlarge and not to restrict the rights of the wife. *Bridges & Woods vs. McKenna,* 14 *Md.,* 258; *Barr and Wife vs. White,* 22 *Md.,* 259; *Abrahams vs. Tappe and Fry, page* 317, *ante.* The right to sue by next friend when necessary or desirable is a right the wife possesses in addition to her common law rights.. The statute certainly did not intend to take away from her the right

to sue with her husband, as at common law, if she chose, and it did not endanger any of her rights of property. Appellant's counsel have relied on *Frazier vs. White*, 49 *Md.*, 1. The question did not arise in that case. It was a case in chancery, and was decided upon other principles.

Incidentally, at the close of the opinion, there is a remark which seems to declare that the wife, in such case as this, must sue by her next friend; but, being casual only, and not sufficiently considered, not being involved in the case being decided, we cannot regard it as settling the law that way. We think the joinder was no ground of error.

The other objection to the refusal of the prayer is more substantial. It is a general rule in replevin that the writ will not lie against a person not in possession. *Wells on Replevin, sec.* 134, and authorities cited.

The plaintiffs' evidence disclosed that Herzberg was not in possession when the suit was brought, but that New was in possession of the mare. Although his possession might be that of bailee for somebody else, per chance for Herzberg, still, as long as the relation of bailee existed, his possession would be rightful against the bailor, though he might have no right as against one having a superior right to his bailor. Being in possession, he was the only proper defendant. He could plead, as he did plead, property in himself, or property in another, to justify his possession. The action is possessory. The bond by which the suit is begun is given to the person from whose possession the property is taken. *Alexander's British Statutes*, 101. The judgment for a return of the property is to the defendant from whose possession it is taken. The bare statement of New made, to Sachse, before suit was brought, was all the evidence of any still subsisting right in Herzberg, and that was clearly not sufficient to justify making Herzberg a defendant in the *replevin* suit. The complication of pleading it has necessitated, illustrates the

impropriety of the joinder. But it does not follow that the prayer should have been granted. According to *Pomee, et al. vs. Bradlee & Co.,* 9 *G. & J.,* 220, it was a defect not altogether fatal to the action. The plaintiff was entitled, under the Code, to strike out the misjoined defendant. Art. 75, sections 27 and 28, of the Code. By proper motion the party plaintiffs could have been driven to this course.

After the rejection of this prayer the defendant offered testimony tending to show the exchange of mares had been made, without any misrepresentations, or warranty such as the plaintiffs had offered evidence of; also that after the trade with Sachse, Herzberg traded the Sachse mare with New for a mule and twenty-five dollars; and also that the defendant, New, had no knowledge of any charge of fraud or warranty; and, in fact, that there was no warranty whatever by Herzberg. Defendants then offered to prove that after the refusal by Herzberg to receive the mare, and the mare was left hitched at Herzberg's gate, Herzberg turned her loose, and she was taken up as an estray; that she was kept without use for a week in a coal-dealer's yard, and then was sold at auction and purchased by a doctor, who drove her the next day, and continued to drive her, and who, being accustomed to handle horses, was ready to testify that the mare was a safe, sound, and gentle family horse. The Court rejected this testimony, and its rejection is the ground of the second bill of exceptions.

The testimony was manifestly offered for the sole purpose of showing the mare was gentle and a good driver, for no other objection was made to her. So regarding it we think there was error in excluding the testimony. The only theory upon which replevin would lie was on the ground that title had never passed, by reason of fraudulent representations in the exchange; or that there was a breach of warranty authorizing rescission, and that plain-

tiffs had done all that was necessary to effect rescission. Whether there was anything thus affecting the defendant's title or right of possession, lay at the bottom of plaintiff's right to recover in this action. Evidence, therefore, tending to show that the mare was gentle, safe, and a good driver was both material and competent. We can see no reason for excluding it. It was not too remote, for the mare had not been driven from the time Sachse left her at Herzberg's gate till the doctor, who is offered as a witness, drove her. Faults, such as were complained of, are not corrected so soon in the nature of things; and the doctor's experience with the mare was sufficiently near, in point of time, to make the testimony admissible.

The remaining exception has respect to the prayers granted and refused. The third prayer of the defendants, which was rejected, presents the same question on the whole evidence which was presented at the end of the plaintiffs' case, and as there was no additional evidence affecting the question, what we have already said on that subject is sufficient.

The first and second prayers of the defendant, Herzberg, were correct in principle.

The prayer of the plaintiffs was directed against and confined to the defendant, Herzberg. As we have decided, he was improperly joined; the prayer was erroneous for that reason. But independently of this, it did not properly lay down the measure of damages. In this action no damages are recoverable, except such as result from the disturbance of the possession. This prayer allowed the plaintiffs to recover for breach of contract in the trade. It allowed recovery of such damages as the jury might find would "compensate the plaintiffs for the wrong and injury done them by reason of the failure to comply with the terms of the exchange." This was manifest error. 2 *Saunders' Pl. & Ev.*, 769. While the jury could only give damages for the detention, they were told, in the prayer, of the

payment by plaintiffs of forty dollars in the exchange, and were instructed that they could give damages for failure -to comply with the terms of the bargain. They could not fail to suppose they could in that action restore the forty dollars by their verdict. Their verdict shows they did so understand. If there was deceit, and the wife's money was received in the exchange through it, that injury could only be redressed by another form of action, which would have been by a next friend, for the reason that no judgment should be rendered in favor of the husband for that money. *Rogers vs. Roberts*, 58 *Md.*, 519.

For the reasons indicated the judgment will be reversed, and the cause will be remanded, to the end that a new trial may be had in accordance with the views we have expressed.

*Judgment reversed,*
*and cause remanded.*

(Decided 21st June, 1883.)