JOHN W. WELBORN ET AL., PLAINTIFFS IN ERROR, V. FRANKLIN W. ESKEY, DEFENDANT IN ERROR.

Parties: INTERVENTION. A party who claims to be the owner of goods which are in controversy in an action of replevin may intervene in the case, upon filing a petition before judgment alleging his ownership, etc.

ERROR to the district court for Red Willow county. Tried below before COCHRAN, J.

*S. R. Smith*, for plaintiffs in error.

*G. H. Grubb* and *Rittenhouse & Starr*, for defendant in error.

MAXWELL, J.

The defendant in error brought an action of replevin against the plaintiffs in error in the county court of Red Willow county, and on the trial judgment was rendered in his favor. The case was then taken on error to the district court, where the judgment of the county court was affirmed. The record shows that the C. D. Smith Drug Co. was made a defendant in the county court, but there

is no evidence of service upon the company. That company also filed a petition in the county court to intervene, the ground of intervention being as follows: "That the defendant obtained said goods by virtue of an order of attachment issued out of the district court of Red Willow county upon the affidavit of petitioner herein, and that your petitioner is the owner of said goods and entitled to the possession thereof, and that the title of the petitioner is adverse to that of the plaintiff." This petition makes a *prima facie* case, which entitles the petitioner to intervene. The court therefore erred in rendering a judgment without ruling upon the petition. If the petitioner is the owner of the goods, as claimed, it was entitled to be heard before final judgment. The allegation that it was served with summons as defendant in the case is not sustained by the record. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.