## HOUSE *v.* TURNER.

1. REPLEVIN—GOODS SEIZED ON EXECUTION—PARTIES.
   Replevin will not lie against a judgment creditor for property seized on execution, and placed by the officer in the custody of a third party, although the levy was made by direction of the creditor.

2. APPEAL FROM JUSTICE'S COURT—COSTS AT CIRCUIT.

> Where a judgment for the plaintiff in a replevin suit that had
> been appealed from justice's court was reversed in the Su-
> preme Court on the ground that the defendant was not in
> possession of the property at the time of the commencement
> of suit, the costs of the defendant for trial at the circuit were
> limited to his actual disbursements, it appearing that such
> defense had not been interposed before the justice.

Error to Kalamazoo; Buck, J. Submitted June 12,
1895. Decided July 9, 1895.

Replevin by Manfred House against Andrew J. Turner
and Thomas E. Himebaugh. . From a judgment for
plaintiff, defendants bring error. Reversed.

*J. R. Cropsey,* for appellants.

*Alfred S. Frost,* for appellee.

MONTGOMERY, J. This is an action of replevin. The
defendants held a judgment against the plaintiff, amount-
ing to about $35, and caused an execution to be issued,
and placed in the hands of one Charles A. Merrell, a
deputy sheriff, which execution was by him levied upon
the property herein involved. A writ of replevin was
sued out and directed against these defendants jointly.
There is a finding that the property was seized by the
direction of these defendants. There is no finding that
the property was in the custody of defendants, or under
their control. The evidence is distinctly the other way,—
that when the chattels were seized they were by the
sheriff placed in a barn controlled by a stranger, with
instructions to deliver them up only on an order from
him, or on legal process. The sole question presented is
whether the action is properly planted, or whether it
should have been brought against the officer.

Replevin is a possessory action, and does not lie
against one not in possession of the goods at the time
demand is made or the suit is begun. See Wells, Repl.

106 MICH.—16.

§ 134. And it is generally held that the possession of an officer who has seized goods on process in his hands is not to be considered the possession of the creditor in the writ, and that replevin does not lie against the creditor. See Wells, Repl. § 142, and cases cited. It was held in *McMillan* v. *Larned*, 41 Mich. 521, that under the circumstances of that case the plaintiff in execution was a proper party. It appeared in that case that the property was taken and placed in the barn of defendant by the officer. These facts distinguish that case from the present. In the present case there was no actual or constructive possession by the defendants.

The judgment will be reversed, and a judgment entered here for defendants, but, as they are not entitled to the custody of the goods, no return of the property will be ordered; and, as this defense was not interposed before a justice, we think the costs for the trial in the court below should be limited to the defendants' actual disbursements. With this limitation, defendants will recover costs of both courts.

McGRATH, C. J., LONG and GRANT, JJ., concurred. HOOKER, J., did not sit.