EALES *v.* FRANCIS.[1]

1. Attachment—Logging Lien—Filing of Statement—Condition Precedent.

> The filing of a statement of lien is a condition precedent to the right to maintain a suit by attachment under the log-lien law. 3 How. Stat. § 8427*e.*

2. Replevin—Parties Defendant—Judgment.

> In replevin for property seized and sold under execution, judgment is improperly rendered against defendants who were simply judgment creditors, and not in possession of, or exercising any control over, the property.

Error to Montmorency; Kelley, J. Submitted January 4, 1898. Decided January 25, 1898.

Replevin by Allen Eales and others against James Francis, William J. Rea, and others. From a judgment for plaintiffs on verdict directed by the court, defendants bring error. Affirmed as to defendants Francis and Rea, and reversed as to the other defendants.

Replevin for 90 cords of shingle bolts, formerly the property of one McPherson. Plaintiffs claim title by virtue of a chattel mortgage executed October 24, 1895, by McPherson to them. Defendants claim title upon a sale made pursuant to executions issued on four judgments rendered by a justice of the peace. The suits in which these judgments were rendered were, according to the docket of the justice, commenced by attachment under the log-lien law (3 How. Stat. § 8427*a et seq.*). Plaintiffs attacked the validity of these judgments, in which they were sustained by the court, and verdict directed for the plaintiffs.

---

[1] Rehearing denied April 5, 1898.

*James Francis,* for appellants.

*Dafoe & Gustin,* for appellees.

GRANT, C. J.	1. Defendants appear to rest their case upon the theory that they were subsequent creditors of McPherson, and that there was no proof of the filing of plaintiffs' mortgage. The original mortgage was introduced in evidence, and the record shows that it was filed in the township clerk's office November 8, 1895, at 6 o'clock p. m. The credits for which judgments were rendered were given after this mortgage was filed. At least, the defendants failed to show that the mortgage was not filed before they extended credit. Unless, therefore, the lien law gave the lien of these parties precedence over the mortgage, they were subsequent creditors, with notice. As this question of precedence of liens under the statute is not argued, we express no opinion upon it, but dispose of this point upon the theory on which it was presented below and is argued here, and hold the mortgage good against subsequent creditors.

2. The sole evidence of the regularity of the proceedings before the justice was the docket entries made by him. These entries did not show the affidavit for the attachment, or any of the proceedings taken to establish a lien. When the defendants had rested and the proofs were closed, the circuit court stated that in all but one of these suits the writs were issued before any statements of lien were filed. The filing of a statement of lien is a condition precedent to the right to maintain a suit. 3 How. Stat. § 8427*e*. This being so, the justice had no jurisdiction in the cases under the lien law. Whether he had the right to proceed to judgment as if the suits were commenced by ordinary summons, we need not consider. If the liens failed, the defendants were only ordinary creditors, and the execution levy was subject to the mortgage.

3. Defendant Rea was the officer who sold the property upon the executions. Defendant Francis was the attorney for the plaintiffs in the four suits. The evidence for the

plaintiffs showed that the demand was made while Rea was advertising the property for sale under the executions; that Rea and Francis claimed that they were in possession of the property. There was no evidence of any actual possession on the part of any other one of the defendants. These defendants were simply judgment creditors. They were not shown to be in possession of, or exercising any control over, the property. No judgment could therefore be rendered against them. *House* v. *Turner*, 106 Mich. 240.

Judgment will be affirmed as to defendants Francis and Rea, and reversed as to the other defendants, with costs, and judgment entered in this court for them.

The other Justices concurred.