Decided 7 December, 1903.

## JENKINS *v.* ONTARIO.

[74 Pac. 466.]

REPLEVIN—PERSON IN POSSESSION—MUNICIPAL CORPORATION.
Replevin, or claim and delivery as it is called under the Oregon practice, is a
possessory action only, and must in all cases be commenced against the person
who actually detains the chattels. Under this principle replevin will not lie
against a public corporation for property seized and held by one of its officers.

From Malheur: MORTON D. CLIFFORD, Judge.

Action of claim and delivery by W. D. Jenkins against
the City of Ontario, for property seized and held by its
marshal, resulting in a judgment for defendant because
the municipality was not liable in this form of action for
seizures and detentions by its officers.   Submitted on briefs
under Rule 16.                                      AFFIRMED.

For appellant there was a brief by *Mr. Will R. King* to
this effect:

1. The City of Ontario, as such, shall have the right to
sue and be sued, implead and be impleaded, * * in any
of the courts of this State: Charter of Ontario, 1899 (Laws
1899, p. 669).

2. The holding of the lower court that an action in re-
plevin will not lie against Ontario, as a municipal corpora-
tion, may be in conformity with the old rule on the sub-
ject, but in modern jurisprudence a different rule has
sprung up ; and an action will now lie and may be brought
directly against a municipal corporation as defendant.
Any other rule would enable a corporation to employ a
worthless bailiff, and deprive the plaintiff of the benefits

of the remedy : Wells, Repl. § 638 ; 20 Am. & Eng. Ency. Law, 1191 ; *Dalby* v. *C. & A. R. R.* 19 Ill. 353 ; *Chicago & N. W. Ry.* v. *Peacock*, 48 Ill. 253 ; *Beech* v. *Fulton Bank*, 7 Cow. 485 ; *Maund* v. *Monmouth Canal*, 1 Carr & M. 606.

3. A municipal corporation is liable for the acts of its officers, servants and agents, done within the scope of their authority: Dillon, Munic. Corp. § 772, and note ; 20 Am. & Eng. Ency. Law, 1200; *Barney Dumping-Boat Co.* v. *City of New York*, 40 Fed. 50; *Hamilton* v. *Fon du Lac*, 40 Wis. 47; *San Antonio* v. *Mackey*, 14 Tex. Civ. App. 210; *Howell* v. *Baffalo*, 15 N. Y. 512; *Thayer* v. *Boston*, 19 Pick. 511 (31 Am. Dec. 157); *Chicago* v. *Turner*, 8 Ill. 419; *Chicago* v. *McGraw*, 75 Ill. 566; *City Council of Sheffield* v. *Harris*, 101 Ala. 564 (14 South. 357).

For respondent there was a brief over the name of *Soliss & Bryant.*

MR. JUSTICE BEAN delivered the opinion.

This is an action against a municipal corporation to recover possession of an animal alleged to have been wrongfully and unlawfully seized and impounded by its marshal under the authority of an ordinance regulating the running at large of animals within the corporate limits of the city. The complaint, after averring the incorporation of the defendant, the election and appointment of the marshal, the plaintiff's ownership and right to the immediate possession of the property in controversy, and its seizure by the marshal under the ordinance mentioned, alleges that before the commencement of the action "the plaintiff demanded the possession of said animal from defendant, by then and there demanding possession thereof from its marshal, who held possession thereof at said time," and who "still unlawfully holds and detains" the possession thereof from the plaintiff. A demurrer to the complaint was sustained on the ground that the action should have

been brought against the marshal, and not the munici-
pality, and in this view we concur. The action is to re-
cover the possession of certain specific personal property,
and should have been brought against the party having
the actual possession. Replevin is a mere possessory ac-
tion, and Mr. Shinn says: "It is a universal principle of
the law of replevin that the action will only lie against the
party in possession of the property at the time the action
is instituted": Shinn, Repl. § 164. Mr. Wells and Mr. Cob-
bey lay down the same rule: Wells, Repl. § 134; Cobbey,
Repl. § 432. And the authorities agree, to adopt the lan-
guage of Mr. Justice GARY, that replevin lies "only against
one from whose possession the sheriff can take the prop-
erty, and to whose possession it can be returned if a return
be awarded": *Richardson* v. *Cassidy*, 63 Ill. App. 482; *Rose*
v. *Cash*, 58 Ind. 278; *Herzberg* v. *Sachse*, 60 Md. 426; *Grace*
v. *Mitchell*, 31 Wis. 533 (11 Am. Rep. 613).

It has accordingly been held that the action cannot be
maintained against an attaching or judgment creditor for
goods attached or seized by an officer under a writ of at-
tachment or execution: *Richardson* v. *Reed*, 4 Gray, 441
(64 Am. Dec. 77); *House* v. *Turner*, 106 Mich. 240 (64 N. W.
20). In the former case, Mr. Justice METCALF, speaking
for the court, says: "Though an officer who attaches, and
a plaintiff who directs him to attach, A's goods, on a writ
against B, are joint trespassers, and may be sued jointly
in an action of trespass or trover, yet they cannot be sued
jointly in an action of replevin. The grounds and inci-
dents of a replevin suit are incompatible with the joinder
of the creditor and officer as defendants. The writ of re-
plevin assumes that the goods which are to be replevied
have been taken, detained, or attached by the defendant,
and are in his possession or under his control; and it directs
that they shall be replevied and delivered to the plaintiff,
provided he shall give bond conditioned, among other

things, to restore and return the same goods to the defendant, and pay him damages, if such shall be the final judgment in the action." The same principle applies to an action to recover property in the possession of a municipal officer. It must be brought against the party in possession, leaving him, if he so desires, to plead the authority under which he holds it. The complaint in this case shows affirmatively that the property in controversy at the time of the demand and the commencement of the action was in the actual possession of the marshal. It should therefore have been brought against him alone, though in some other form of action the municipality might be liable to the plaintiff for the marshal's acts. It follows that the judgment of the court below must be affirmed, and it is so ordered.    AFFIRMED.

---

Decided 7 December, 1903.