COOPER & COLE BROTHERS, APPELLEE, V. GILBERT COOPER
ET AL., APPELLEES; GEORGE P. WHITHAM, APPELLANT.

FILED NOVEMBER 14, 1911.   No. 16,295.

1. **Parties.** Persons not jointly liable to the plaintiff, or who do not claim some right in the subject matter of the action, may not, over their objections, lawfully be joined as defendants.

2. **Principal and Agent:** AUTHORITY OF AGENT. "The apparent authority of an agent which will bind his principal is such authority as the agent appears to have by reason of the actual authority which he has." *Creighton v. Finlayson*, 46 Neb. 457.

3. ———: ———. "Ostensible authority to act as agent may be conferred if the party to be charged as principal affirmatively or intentionally, or by lack of ordinary care, causes or allows third persons to trust and act upon such apparent agency." *Thomson v. Shelton*, 49 Neb. 644.

4. ———: ———. Where a wholesale dealer in plumbing supplies, furnaces and water plants knows that one of its salesmen has, upon a promise of compensation to be paid, solicited retail merchants in another city to secure customers for it, and, in response to a letter from them to the effect that the time is ripe to get hold of some business and to send a salesman, sends an employee who assumes in its name to make contracts with householders for the installation of heating plants and water plants, and agrees for his principal to pay the local merchants for material furnished and money advanced while the plants are being installed and to pay a commission, and before the work is completed the wholesale merchant is told the facts about the contracts, and it makes no objection thereto, but sends mechanics to install the plumbing and furnaces, and avails itself of the services rendered and money furnished by the retail merchants, it will be held to have at least granted the agent ostensible authority to make the contracts.

5. **Trover:** TRANSACTIONS WITH AGENTS. In such a case the principal cannot maintain an action in conversion against the householders or the retail merchants.

6. **Principal and Agent:** UNAUTHORIZED ACTS OF AGENTS: LIABILITY. If, as a matter of fact, the agent was not authorized to make the contracts, and, because of his assumption of power to do so, his principal is damaged, he will be liable in damages to it.

7. ———: ACTION: PARTIES. But the purchasers and the retail merchants cannot, over their objections, be sued jointly with the agent because of the transactions.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed in part and reversed in part.*

*Charles H. Epperson, George E. Hager* and *Ambrose C. Epperson,* for appellant.

*Walter J. Lamb* and *F. M. Tyrrell, contra.*

ROOT, J.

This is an action in equity to hold the defendant Whitham, as surviving member of the firm of Whitham & Wilkins, and the defendant Gilbert Cooper liable as trustees for the use of the plaintiff. The plaintiff prevailed, and the defendant Whitham appeals.

The first chapter of the litigation between the plaintiff and the defendant Whitham is reported in *Cooper & Cole Bros. v. Whitham,* 81 Neb. 511. Reference is made to that case for many of the facts testified to in this one. Subsequent to the judgment of affirmance in the cited case, the plaintiff commenced this action.

In the petition the plaintiff alleges that during the period of time involved in this inquiry Gilbert Cooper was its traveling salesman, with no power or authority other than to take and forward orders for the goods and wares in which the plaintiff dealt, and that Whitham & Wilkins had actual knowledge of this fact. The plaintiff further alleges that, notwithstanding the premises, Whitham & Wilkins for their own profit, by deceitfully causing Gilbert Cooper to believe they were purchasing goods from the plaintiff, induced him to join with them in ordering merchandise and plumbing supplies for water systems to complete certain contracts with four designated individuals, all of whom are impleaded as defendants in this action. The plaintiff further says that, pursuant to the orders transmitted by the defendants, it shipped to Whitham & Wilkins merchandise of the aggregate value of $1,745.11, which was duly charged to Whitham & Wilkins on the

plaintiff's books, and which was fully described in invoices sent to those defendants and in monthly statements transmitted to them; that those invoices, bills and statements were kept without objections by Whitham & Wilkins, and frequent promises were made by them to pay therefor; that, although Gilbert Cooper and Whitham & Wilkins knew that the plaintiff at all times believed and understood that the merchandise was sold to Whitham & Wilkins, it afterwards appeared that no such sale had been made, but the goods were actually used in part execution of unauthorized contracts made by Gilbert Cooper for the plaintiff with the defendants MacCashland, Fowler, Kissinger and Lewis, wherein the plaintiff apparently agreed to furnish material and install certain heating plants and air pressure systems for definite sums pleaded in the petition, and the defendant Whitham & Wilkins were to guarantee to the purchasers that the material and work would be first class, were to employ laborers, pay freight on materials shipped, superintend the work, collect the contract price, and remit the same to plaintiff less money paid out and compensation for services rendered, but the contracts were utterly void; that the defendants, other than Cooper and Whitham & Wilkins, were contending that the contracts were not performed, and therefore they were not liable for the contract price; that Whitham & Wilkins have remitted to the plaintiff $862.47, which the plaintiff, in ignorance of the facts, credited upon its book account against those defendants; that, by reason of the premises, all of the defendants became trustees of the plaintiff for the goods delivered. An accounting and judgment are demanded.

The defendants, other than Gilbert Cooper, having been summoned, and all of them residing without Lancaster county, by special appearance challenged the jurisdiction of the court over their persons, because of the alleged fact that there is no joint liability in point of fact of Gilbert Cooper and the objecting defendants to the plaintiff. These objections were overruled, and thereupon those de-

fendants demurred, averring as grounds of demurrer, among other things, that the petition did not state a cause of action, that there was a misjoinder of parties defendant and of causes of action. The demurrers were overruled, and thereupon those defendants answered separately. We find nothing in the transcript to advise us whether Gilbert Cooper answered or made default.

The answering defendants interposed in their several answers the defenses included in the special appearances in the demurrers, and also stated the facts from their standpoint, to wit: That the contracts were made in good faith with the plaintiff, and that Gilbert Cooper had actual or apparent authority to make them, and, in any event, the plaintiff with knowledge of the facts neglected to disaffirm what its agent had done, but continued to perform, and is estopped from repudiating the contract. All of the defendants deny the allegation that they knew of Gilbert Cooper's lack of authority, and Whitham & Wilkins plead the facts as stated in *Cooper & Cole Bros. v. Whitham, supra.* The court found generally in favor of the plaintiff, except that nothing was due it from Kissinger or Lewis, and the action was dismissed as to them. Several judgments for $110.33 and $63.73, respectively, were rendered against the defendants MacCashland and Fowler, and a joint judgment for $1,042 was entered against Whitham, surviving partner, etc., and Gilbert Cooper, with a proviso that the avails of the judgment against MacCashland and Fowler, if collected, should be credited on the judgment against Whitham and Cooper. Cooper, Fowler and MacCashland did not appeal.

We have discovered no evidence in the record to sustain the averments in the petition that any of the defendants, other than Gilbert Cooper, had actual knowledge of the pleaded restrictions on his authority, or that Whitham & Wilkins in any manner deceived Gilbert Cooper, or that they joined with him in ordering any of the merchandise the subject of this suit. The answering defendants must therefore in the inception of the transaction be held bound

solely by such notice as the law from the known facts gave them of Gilbert Cooper's authority.

We have no quarrel with the argument of the plaintiff's counsel that, as a general proposition, a drummer is not authorized to appoint agents or enter into special contracts, but this proposition has so many exceptions and qualifications, depending upon the usages of the trade and the facts in the particular case, it is not necessarily controlling in the instant one in arriving at a just conclusion as to the legal rights of the parties to this suit. It appears without contradiction that the plaintiff's salesman, Williams, after making an independent investigation in Fairfield, requested Whitham & Wilkins to assist the plaintiff in a campaign to be prosecuted for the purpose of securing contracts for the installation of heating plants and water plants in that city, told them that they might as well make something out of that work as not, that the plaintiff employed a man whose special duty it was to go about and make contracts for such work, and requested them to advise the plaintiff whenever opportunity occurred to secure such contracts. There is no contention that Williams was not acting in the line of his duty, but, on the contrary, the evidence proves that he was acting within the scope of his employment. It therefore must be presumed that this agent advised his principal, the plaintiff, of his conversation with Whitham & Wilkins.

May 20, 1905, subsequent to this conversation, Whitham & Wilkins wrote and transmitted to the plaintiff a letter as follows: "The time is about ripe to get hold of some business in bath outfits. We have a number of good prospects. Have your salesman G. G. W. make it a point to get around here soon." In answer to this letter, Gilbert Cooper appeared in Fairfield, and informed Whitham & Wilkins that "he had been sent there by the house;" and the contracts pleaded in the petition were made by him in the name of the plaintiff. Thereupon material was billed to Whitham & Wilkins, and the work of installing the water plants and the heating plants was commenced.

Although Gilbert Cooper was in Fairfield several times while the work was progressing, Whitham & Wilkins superintended the work. About August 17, 1905, Whitham complained to the plaintiff's Mr. Williams about delays in the work, told him the details of the contracts, and requested him to take the matter up with the plaintiff. Upon Williams' suggestion that he would deliver a letter if it were written, Whitham & Wilkins wrote as follows: "Cooper & Cole Bros., Lincoln, Neb. Gentlemen: Mr. Williams called on us this evening. We are not in position to do any business with him. Mr. Gilbert Cooper has a lot of work here uncompleted. It is in a mixed shape. One pressure job working, but lacks some finishing details. Another pressure job has been hanging fire for a long time, and a hot water heating job for the same man has not been begun, material has been sent here partly for one job and partly for another on same invoices. We are unable to tell how matters stand until these jobs are completed and material checked up. We are ready to make settlement when matters are straightened out. We have lost some business on account of these delays. The steam heating contract on our public school building is liable to hinge somewhat on the satisfactory completion of the work in progress. The estimate on the above job is about $1,800. Yours truly, Whitham & Wilkins. As appears to us now the material is far in excess of Mr. Cooper's figures and will mean a loss to some one on these contracts. Who is to stand the loss?"

To this communication the plaintiff answered as follows: "Aug. 23, '05. Messrs. Whitham & Wilkins, Fairfield, Neb. Gentlemen: Mr. Williams sent us in your letter of the 17th, and we note what you say regarding the material which had been sent out on the work at Fairfield and sending out a man to do this work. This is a personal matter of Mr. Gilbert Cooper's as the house has no men in their employ who can do the work; but we wish to say that he has used his best endeavors to try to get a good man for you to finish up the work. It seems all men who are

employed to do this kind of work have more than they can do. He has a party working at Fairmont who will probably be able to go out there after he finishes the work there. One of our local plumbers thinks he can find a man during the day that can do the work. We are very sorry that it has caused you a lot of trouble, and the loss of some business. We will make an effort to get somebody to go out there and finish the work as soon as possible. Yours truly, Cooper & Cole Bros."

It will be noticed that the plaintiff does not discuss Gilbert Cooper's estimates, nor answer the inquiry concerning upon whom the anticipated loss will fall. The proof is undisputed that Gilbert Cooper contracted with other individuals at other places in the name of the firm for the installation of heating and water plants. In so far as the evidence establishes usage in the trade, it clearly indicates that the plaintiff did permit its traveling salesmen to make contracts such as Gilbert Cooper made in their name. Furthermore, at least three of the defendants with whom Cooper contracted came to Lincoln while the work was in progress, and complained to the plaintiff's general manager about the work, and at least one of them testifies that he told the manager about the contract, and all of them testify to having received assurances that, if they would be patient, the work would be completed to their satisfaction, and that the manager complained about Gilbert Cooper having exceeded his authority. At least two-thirds of the material was shipped subsequent to the time Williams delivered to the plaintiff Whitham & Wilkins' letter of August 17. It is elementary law that, if the real owner of goods has so acted as to clothe his agent with apparent authority to sell, he will be precluded from denying, as against those who have acted *bona fide* on the faith of that apparent authority, that he has given such authority, and the result of the transaction is as if the authority had been given. 1 Clark & Skyle, Agency, sec. 236; Mechem, Agency, sec. 278.

This case does not, as contended for by the plaintiff, involve a sale by a mere drummer. After having been informed by Williams, as we must presume, that he had enlisted Whitham & Wilkins to assist in procuring business in Fairfield, and after Whitham & Wilkins had written the letter, Gilbert Cooper was sent for the specific purpose of selling the plaintiff's merchandise- to the persons referred to in a general way in that letter. From all that had been said and done by Williams and by Whitham & Wilkins, MacCashland and the other purchasers had a right to believe that Gilbert Cooper had authority to make the contracts, and Whitham & Wilkins also had a right to believe that Gilbert Cooper was acting within the limitation of his authority in doing what he did. *Faulkner v. Simms*, 68 Neb. 295; *Northwest Thresher Co. v. Eddyville State Bank*, 80 Neb. 377.

This being true, Whitham & Wilkins may be liable to the plaintiff upon the contract, but not for a conversion of its goods. Gilbert Cooper may also be liable to his principal for all the damages it may have sustained by reason of his acts in excess of his authority. If liable, the liability of each of these defendants is several, and they cannot, over their objections, be jointly sued therefor. Gilbert Cooper has not appealed and makes no complaint, so that the judgment will not be disturbed as to him. Neither will it be reversed as to the defendants Lewis and MacCashland, who have not appealed. The fact that Whitham was not jointly liable with Gilbert Cooper, or that he made no claim of right to the subject matter of the action, did not appear on the face of the petition, so that the defense was properly made, by answer, as a separate defense in connection with a defense to the merits. The defense having been maintained, the action should be dismissed as to this defendant, but without prejudice to an action on the contract made by Gilbert Cooper for his principal. *Stewart v. Rosengren*, 66 Neb. 445; *Penney v. Bryant*, 70 Neb. 127; *Stull Bros. v. Powell*, 70 Neb. 152.

The judgment of the district court, therefore, is affirmed as to the defendants Cooper, MacCashland, and Fowler, but is reversed and dismissed as to the defendant Whitham without prejudice to an action upon the contract made for the plaintiff by Gilbert Cooper; no costs to be taxed to the defendants MacCashland and Fowler.

JUDGMENT ACCORDINGLY.