Argued April 9, affirmed May 19, rehearing denied June 16, 1914.

# HECKELA v. COOS BAY LIQUOR CO.

(142 Pac. 547.)

**Replevin—Pleading—Answer.**

1. In replevin for bar fixtures and other property in a saloon of which plaintiff had been placed in possession under a contract reserving title in defendant till the price was fully paid, and further providing that, if plaintiff made default under the contract, his rights should cease and all sums paid to the defendant should become the defendant's property, and defendant might take possession, an answer alleging that plaintiff failed to perform his agreement, in that he neglected to devote his whole time to the business, and failed to conduct it in a satisfactory manner, that he failed to account for money received from sales, or to apply the money as provided in the contract, and that defendant took possession, the plaintiff acknowledging his default, and voluntarily surrendering possession, states a complete defense and is not demurrable.

[As to necessity and sufficiency of allegation as to ownership or right of possession in complaint in replevin, see note in Ann. Cas. 1912A, 333.]

**Replevin—Pleading—Issues and Proof.**

2. Where plaintiff in replevin alleges that defendant was in possession of the goods at the commencement of the action, and the answer denies all the complaint not thereinafter admitted, and admits that the defendant took possession, but alleges that before the commencement of the action he delivered the goods to a third party on a conditional sale, plaintiff is not entitled to judgment without proof of defendant's possession.

[As to when and against whom replevin may be maintained, see note in 80 Am. St. Rep. 741.]

Appeal and Error—Review—Harmless Error—Exclusion of Evidence.

3. The exclusion of a contract offered in evidence by plaintiff which is set out in full in the answer and denied by the reply, but which plaintiff, as a witness, admits, is not prejudicial to plaintiff.

Replevin—Evidence—Relevancy—Reputed Ownership.

4. In replevin, where the character of plaintiff's rights to the property are set out in the pleadings and undisputed, evidence of reputed ownership of the property is properly excluded.

From Coos: JOHN S. COKE, Judge.

Department 2. Statement by MR. JUSTICE EAKIN.

This is an action of replevin by Andrew Heckela against the Coos Bay Liquor Company, a corporation.

On February 25, 1910, the defendants, having a lease on a building in Marshfield, used and known as the Brewery saloon, and owning bar fixtures and other property therein, entered into an agreement with the plaintiff by which it agreed to sell the plaintiff, upon full payment of $2,000, said personal property. Pending payment of this amount the plaintiff was to conduct the saloon and place the proceeds of sales in the cash register, to which the defendant should have exclusive access; and plaintiff was to give his entire time to the business, and account for all moneys received to the entire satisfaction of the defendant, the money to be the property of the defendant until full payment of the purchase price. The defendant was required to dispose of the money so received as follows: (a) Retain to itself $75 per month rent for the said building; (b) pay all taxes and license fees for the business; (c) pay all amounts due for liquors, etc., furnished to the business by the defendant; (d) pay plaintiff $80 a month for conducting the saloon and for any assistance employed. The title to the property and liquors was to remain the property of the defendant until the purchase price was fully paid. In case plaintiff should make default under the contract or violate

any of its provisions his rights under the agreement should cease, and all sums of money paid and all surplus money in the hands of the defendant should be the property of the defendant; and without further notice defendant might take possession of the building and property and remove all persons therefrom.

By the answer it is alleged that plaintiff failed to perform his part of said agreement, in that he neglected to devote his whole time to the business, and failed to conduct it in a manner satisfactory to the defendant; that he gave away goods, and failed to account for moneys received from sales, and neglected to provide that all moneys taken out of the cash register or the surplus should be applied to payment of the purchase price, which by the contract should amount to $50 per month; and that for such default defendant, on June 5, 1912, took possession of the building and goods, plaintiff then and there acknowledging his default and freely and voluntarily surrendering the possession of the property to defendant.

Plaintiff demurred to the new matter of the answer which was overruled, and is assigned as error. Plaintiff replied to the answer by a complete denial of all the new matter, which by subsequent developments appears to have been recklessly done. Upon the trial the court granted a judgment of nonsuit. Plaintiff appeals.         AFFIRMED.   REHEARING DENIED.

No appearance for appellant except a brief over the name of *Mr. Harry G. Hoy.*

For respondent there was a brief over the name of *Messrs. Bennett & Swanton* with an oral argument by *Mr. Tom T. Bennett.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The answer appears to contain a complete defense, and was not demurrable. The contract discloses a state of facts which show that defendant, having the saloon building and fixtures, sought to have the business continued that it might be enabled to sell the property, and, in order so to do, made the agreement with plaintiff, who was a laborer without much or any means. Defendant placed him in possession of the saloon to run it until the conditions should be fulfilled, retaining the title and right to enter and oust plaintiff therefrom whenever it thought just to do so; and its doing so as alleged, if true, was a complete defense to the action of replevin.

2. The motion for nonsuit raises two questions: (1) As to whether the replevin will lie upon the facts shown in the complaint and plaintiff's proof; and (2) whether the defendant is shown to be in possession of the property at the time the action was commenced. The answer denies such possession, and alleges that defendant was not so in possession, but the answer is denied by the reply, and the defendant offered no proof upon the allegations of the answer. Plaintiff in an indefinite way alleges that defendant was in possession of the goods at the time of the commencement of the action; namely, he says that on the 5th of June, 1912, defendant wrongfully barred plaintiff from said premises wherein the goods were contained, and ever since has wrongfully detained them. The answer denies all the complaint not thereinafter admitted, and admits that the defendant took possession of the goods, retaining them for a while, and on the 1st day of August, 1912, delivered them to Clay Roberts on a condi-

tional sale. The complaint was filed November 29, 1912, and the answer denies defendant's possession at the time the complaint was filed, and this puts plaintiff upon proof of such possession by the defendant: *Jenkins* v. *Ontario,* 44 Or. 72 (74 Pac. 466, 102 Am. St. Rep. 625). This is a possessory action, and lies only against the party in possession, which was not proved: Shinn, Repl., § 164; Cobbey Repl., § 462; Wells, Repl., § 134.

3. As to the assignment that the court erred in sustaining objections to the contract (Exhibit A) offered in evidence by plaintiff, said contract is set out in full in the answer and is denied by the reply. It was the basis of the defense, and plaintiff as a witness admits it. Therefore its admission in evidence was wholly immaterial, and plaintiff was not prejudiced by its exclusion; neither was there any error in sustaining objection to testimony of the reputed ownership of the property.

4. It is held in *Morse* v. *Whitcomb,* 54 Or. 412 (102 Pac. 788, 103 Pac. 775, 135 Am. St. Rep. 832), that evidence of general reputation of ownership may be received concerning a matter in which the public has an interest or is directly concerned, under Section 799, subdivision 12, L. O. L. It is said in *Raymond* v. *Flavel,* 27 Or. 219, at page 248 (40 Pac. 158, at page 167), that common reputation of ownership is on an equal footing with evidence of possession as notice of whatever interest the possessor may have in the land. *Wilson* v. *Maddock,* 5 Or. 480, is to the same effect, that where the ownership of the property is in dispute, common reputation of the ownership may be shown as sufficient, if not overcome; but such evidence has no place here where the character of the plaintiff's rights to the property are set out in the pleadings and undis-

puted. Such evidence might be competent in case it is claimed that the writing was forged, or the terms of it subsequently fulfilled, but it was incompetent here.

The judgment of nonsuit was properly allowed. We find no error in the record. The judgment is affirmed.

                                        AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE McNARY concur.