MARCELLETTI v. HAWLEY.

REPLEVIN—POSSESSION—ANIMALS—PROCESS.

In an action of replevin for a horse which had been taken in a former suit brought by plaintiff's husband, and tendered back by the sheriff, the tender having been refused by defendant, the court erred in submitting the case to the jury; replevin did not lie against the defendant who was not in control of the animal.

Error to Van Buren; Des Voignes, J. Submitted June 28, 1915. (Docket No. 67.) Decided July 23, 1915.

Replevin by Luci Marcelletti against Fred Hawley

for a horse. Judgment for plaintiff. Defendant brings error. Reversed; new trial denied.

*W. J. Barnard,* for appellant.

*Duane H. Mosier* and *Earl L. Burhans,* for appellee.

MOORE, J. This is a replevin case growing out of a horse trade made upon Sunday. The plaintiff claimed to be the owner of the horse in question, and that she authorized her brother-in-law to sell it; that, instead of doing so, he traded it for a worthless animal. A replevin suit was begun in the name of the husband of the plaintiff. The property was taken by said writ from the defendant. It is the claim that this writ was sued out in the name of the husband, because of his imperfect knowledge of the English language, and after the return day, and before the adjourned day, the replevin case was dismissed. While the horse was still in the possession of the husband of the plaintiff in this suit, or in the possession of the deputy sheriff who served the first writ of replevin, a second writ of replevin was sued out in the name of Luci Marcelletti, and the deputy sheriff, armed with the second writ and leading the horse, sought out the defendant. What occurred is told by the officer as follows:

"*Q.* You went down there and got the horse on the first writ of replevin?

"*A.* Yes.   *   *   *

"*Q.* Now, you never returned the horse that you got on the first writ of replevin to Fred Hawley until you went down with the second writ of replevin?

"*A.* No; before I served it I offered to deliver it to him.

"*Q.* Yes; before you served the second writ?

"*A.* Yes.

"*Q.* But the affidavit had been made up here in justice court, and the writ placed in your hands for service, before you ever tendered him any horse back; ain't that true?

187 Mich.—26.

"*A.* Yes, sir.

"*Q.* So you had the second writ of replevin with you to serve on him, and went down there to serve it on him, and then says, 'Here, take this horse,' and intended to take it back from him on the second writ; was that it?

"*A.* That was what was done.

"*Q.* So you didn't take this horse after the first case was dismissed, and go down and deliver it to him, and leave it in his possession?

"*A.* I tendered it to him.

"*Q.* No; I mean you didn't go down there and leave it with him before you went down with any second papers, did you?

"*A.* No, sir.

"*Q.* So you had the horse in your possession, taken on the first writ of replevin, up here, at the time the affidavit in this second case was made, didn't you?

"*A.* Well, I couldn't say as to that. I think Mr. Mosier gave me the papers in the second case. I am not positive who gave it to me.

"*Q.* You had the writ of replevin at that time, didn't you?

"*A.* Well, I had the writ of replevin at the same time I was delivering the horse over to Fred.

"*Q.* And you had the writ of replevin in your possession up here for service in the second case before you had ever tendered him that horse; ain't that true?

"*A.* Yes.    *    *    *

"*Q.* And what was said?

"*A.* Why, I told him I come to deliver up the horse; and he didn't seem to want to take it. I returned the blind bay horse; gave it up to him.

"*Q.* Did you say anything to him?

"*A.* Why, I told him that I come to deliver it up to him.

"*Q.* How was you in custody of the horse there, leading it?

"*A.* Was I?

"*Q.* Yes?

"*A.* Yes.

"*Q.* What did you do with the halter stale?

"*A.* I offered it to him, but he wouldn't take it.

"*Q.* What would he do?

"*A.* Why, he kept backing off.

"*Q.* Did you keep walking up?

"*A.* I did.

"*Q.* And he kept backing away?

"*A.* Yes; finally he stopped, and I gave him the writ of replevin back again.

"*Q.* At the time that you did this, on whose premises were you?

"*A.* Why, I was on his place where he rents, I expect."

It was conceded on the trial, and is now conceded, that the Sunday trade was void, but it is claimed plaintiff cannot maintain this suit for two reasons:

*First,* there had been no return of the horse to the defendant after the dismissal of the first suit; and *second,* no demand was made of the defendant before instituting said suit, and no offer to return the property received from the defendant on the exchange of horses.

A request for a directed verdict was made and refused. The trial court was of the opinion that as Mrs. Marcelletti had authorized a sale and not a trade, that under the case of *Trudo* v. *Anderson,* 10 Mich. 357 (81 Am. Dec. 795), there was a case for the jury, and submitted it to them. From a verdict and judgment in favor of the plaintiff, the case is brought here by writ of error.

Several groups of assignments of error are argued, but the important question is whether a verdict should have been directed in favor of defendant. It has already appeared that when the plaintiff sued out her writ of replevin the defendant was not in possession of the property, and when the officer tried to get him to take possession of it he declined to do so. Counsel for plaintiff have called our attention to some authorities which it is claimed justify what was done, calling especial attention to the notes to 18 L. R. A. (N. S.) 1271; but the case to which the notes are attached,

and the majority of the notes, recognize the general rule that replevin will not lie against one not in possession. The question is not a new one in this State. In *House* v. *Turner*, 106 Mich. 240 (64 N. W. 20), Justice MONTGOMERY, speaking for the court, said:

"Replevin is a possessory action, and does not lie against one not in possession of the goods at the time demand is made or the suit is begun. See Wells, Repl. § 134. And it is generally held that the possession of an officer who has seized goods on process in his hands is not to be considered the possession of the creditor in the writ, and that replevin does not lie against the creditor."

See, also, *Hickey* v. *Hinsdale*, 12 Mich. 99; *Gildas* v. *Crosby*, 61 Mich. 413 (28 N. W. 153), and *Eales* v. *Francis*, 115 Mich. 636 (73 N. W. 894).

We think a judgment should have been directed in favor of the defendant.

The case is reversed, and no new trial ordered.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.

The late Justice McALVAY took no part in this decision.