## BELLOWS *v.* GOODFELLOW.

1. FACTORS—POWERS—MACHINERY.

> Machinery company to which owner delivered machinery for purposes of display and sale *held,* a commission merchant or factor with implied authority to select the purchaser and in the absence of special instructions, to fix the price, agree upon all incidental matters connected with the sale and sell the property in its own name.

2. SAME—SALES—TITLE—GOOD FAITH PURCHASER.

> Factor, to which owner delivered machinery for purpose of display and sale, acted in latter's place and stead in selling it and, subject to provisions of uniform sales act, would transfer good title thereto to purchaser without notice, and, there being no limitation on factor's right to sell it, by revocation or otherwise, *bona fide* purchaser obtained good title not only as against prior purchasers from owner but as against owner himself (2 Comp. Laws 1929, §§ 9440–9519).

3. REPLEVIN—NATURE OF ACTION—WHEN ACTION WILL LIE.

   Replevin is a possessory action and does not lie against one not in possession of the goods at the time demand is made or the suit is begun.

4. SAME—FACTORS—INNOCENT PURCHASERS FOR VALUE.

   Owner who had delivered machinery to factor authorized to sell it *held*, not entitled to maintain replevin against factor which had sold and delivered it to purchasers nor against innocent purchasers for value from factor.

5. FACTORS—WRONGFUL CONVERSION—REPLEVIN.

   Factor's violation of instructions from owner respecting sale of machinery delivered to it for purpose of display and sale or its purchase of machinery at sale in defective attachment proceedings might subject it to liability in action for wrongful conversion by owner but after sale and delivery to a purchaser, replevin will not lie against factor.

Appeal from Wayne; Campbell (Allan), J. Submitted April 9, 1936. (Docket No. 55, Calendar No. 38,835.) Decided June 16, 1936.

Replevin by Lewis F. R. Bellows against Delia Goodfellow, sole residuary legatee of the estate of Thomas Goodfellow, deceased, and others to recover possession of machinery. Judgment for defendants. Plaintiff appeals. Affirmed.

*Henry F. Gage* (*Kuth & Ehrke,* of counsel), for plaintiff.

*Harry Cohen,* for defendants Goodfellow and Burke.

*Shapero & Shapero,* for defendants Schreiber Brothers.

POTTER, J. Plaintiff brought replevin to recover certain machinery from the International Machinery Company and others. Plaintiff was the owner

of the machinery and caused it to be delivered to the International Machinery Company for the purpose of exhibition and sale. Thomas Goodfellow was the drayman who delivered the machinery from plaintiff to the International Machinery Company and there was a dispute between plaintiff and Goodfellow as to the amount of his bill for transfer and delivery of the machinery. Later suit was instituted by the sole residuary legatee of Thomas Goodfellow, deceased, against the Bellows-Claude Neon Company by attachment. The property in question was seized upon the attachment, sold at constable's sale and bid in by the International Machinery Company at such sale. In the meantime, plaintiff settled the disputed claim which was made the foundation of the attachment proceedings. Subsequently the property was sold by the International Machinery Company to defendant Schreiber Brothers. There is no claim the Schreibers knew anything about the title of the International Machinery Company, whether it was based upon the attachment sale or whether it was a mere selling agent of plaintiff who had placed the machinery with it for display and sale. The Schreibers bought the property in question of the International Machinery Company, the property was delivered to them, and they had no notice plaintiff had any claim upon the property.

The International Machinery Company was by plaintiff given the power to sell the machinery and the machinery was delivered by plaintiff to the International Machinery Company for that purpose. It, therefore, had implied authority to select the purchaser and, in the absence of special instructions, to fix the price and agree upon all incidental matters connected with its sale. Mechem on Agency (2d Ed.), § 854. The International Machinery Company

was in effect a commission merchant, a factor or selling agent of plaintiff who had delivered into its possession for sale the machinery in question. It had, in the absence of express directions to the contrary from plaintiff, implied authority to sell the property in its own name. *Baring* v. *Corrie,* 2 B. & Ald. 137 (106 Eng. Rep. 317); *Graham & Co.* v. *Duckwall, Fitch & Co.,* 8 Bush (71 Ky.), 12.

Subject to the provisions of the uniform sales act (2 Comp. Laws 1929, §§ 9440-9519), the International Machinery Company, the selling agent of the plaintiff, acted in his place and stead in selling the machinery, and when it sold the machinery it transferred a good title thereto to anyone who bought it without notice. Here there was no limitation upon the right of the International Machinery Company to sell the machinery. It was expressly authorized so to do by the plaintiff and a *bona fide* purchaser under such sale and delivery would acquire a good title so long as the selling agent's authority was unrevoked, not only as against prior purchasers from plaintiff, but as against the plaintiff himself. *Jones* v. *Hodgkins,* 61 Me. 480. The record indicates the Schreibers acquired the property from the International Machinery Company in good faith. The plaintiff now seeks to recover possession of the property by replevin.

"Replevin is a possessory action, and does not lie against one not in possession of the goods at the time demand is made or the suit is begun." *House* v. *Turner,* 106 Mich. 240; *Marcelletti* v. *Hawley,* 187 Mich. 400.

Plaintiff could not maintain replevin against any of defendants except the Schreibers because no one except the Schreibers had possession of the property; and he could not maintain an action of replevin

against them because they were innocent purchasers of the property for value from plaintiff's authorized agent to sell the same and give delivery. If the International Machinery Company violated any instructions of plaintiff in the sale of the property, or if, by reason of defect in the attachment proceedings upon which sale was made, it acquired no title thereto, plaintiff may maintain an action for its wrongful conversion against the International Machinery Company, but he cannot maintain replevin.

Under the undisputed facts, plaintiff was not entitled to possession as against defendant Schreiber Brothers. The trial court so held and rendered a judgment for defendants. In this, we think it was correct.

Judgment affirmed, with costs.

North, C. J., and Fead, Wiest, Butzel, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred.