CLAIR COOMES, APPELLANT, V. ROLAND DRINKWALTER ET AL., APPELLEES.

149 N. W. 2d 60

Filed March 3, 1967. No. 36438.

Everett A. Anderson and Michael V. Smith, for appellant.

Charles A. Fisher and Charles F. Fisher, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and KOKJER, District Judge.

McCOWN, J.

This is a replevin action for the recovery of possession of cattle. It involves the ownership and right of possession as affected by statutes dealing with branded livestock. After 6 hours of deliberation, 10 members of the jury returned a verdict for the defendants and the plaintiff has appealed.

Registered cattle brands of three states are involved. The ranch of the plaintiff, Clair Coomes, was located near Manderson, South Dakota. With his brother, he was the owner of the registered South Dakota brand reverse DC located on the right hip. In July 1962, 19 yearling heifers and 8 cows with unbranded calves disappeared from the plaintiff's herd. The heifers and cows all bore the reverse DC brand on the right hip. All of his animals were ear marked by splitting the right ear. All of his replacement heifer calves were year branded on the right shoulder with arabic numbers which represent the last digit of the year when the animal is branded. All of his 1961 replacement heifers were vaccinated for brucellosis and were branded with a V pointing toward the eye on the right jaw. All replacement heifers become a part of the general cow herd after they reach 2 years of age. The plaintiff never sells any cows unless they become crippled or too old to produce.

Jack Lewis operates a ranch 4 miles north of the plaintiff's ranch, also in South Dakota. Mr. Lewis owns and uses the lazy JL connected brand on the left ribs and

this brand is recorded in Wyoming. His replacement heifers are age branded on the left shoulder and were marked with a split left ear. His heifers are vaccinated for Bangs disease and a tattoo is put in the right ear in the form of a shield to show that they have been vaccinated. In front of the shield is a number representing the quarter of the year in which the animal was vaccinated, and to the right of the shield is a number which represents the last digit of the year of vaccination. Mr. Lewis does not sell cows unless they are old or crippled or no longer good for breeding. In January 1963, some cows branded as described disappeared from the Lewis ranch.

On October 15, 1964, the plaintiff, Clair Coomes, accompanied by the sheriff of Dawes County, Nebraska, an investigator for the Nebraska Brand Committee, and several other individuals, went to a pasture northeast of Crawford, Nebraska. The pasture was that of Mr. McGinnis, and the cattle were being pastured there by the defendant, Roland Drinkwalter. The sheriff took nine cows and accompanying calves to the Chadron Sale Barn at Chadron, Nebraska, where they were inspected and unloaded into a padlocked pen. The following morning, the plaintiff and others went to the pens in Chadron and examined the nine cows more closely. Each cow was roped, tied, the brand area sheared off, and photographs taken. Mr. James Long, an investigator for the Nebraska Brand Committee and a deputy state sheriff, testified that eight of the nine cows had a reverse DC brand on the right hip and also had a reverse DC over a quarter circle on the right hip. Five of these cows had a quarter circle over a reverse RD on the left ribs. All eight were year branded, three with the figure "1" on the right shoulder, one with the figure "0" on the right shoulder, and four with the figure "9" on the right shoulder. Each of these eight had its right ear cropped off. "A couple" of these had a piece of a V in the end of the ear that was cropped off.

The three of these eight that had the year brand "1" on the right shoulder also had an inverted V on the right jaw. The ninth cow bore a lazy JL brand on the left ribs, and a bar over HH over a bar brand on the left ribs. It also had the year brand "9" on its left shoulder, and both ears were cropped off. It had the remainder of a tattoo in the cropped right ear showing half of a shield and the figure "0".

Mr. Long testified that he had had 12 years experience as an investigator for the Nebraska Brand Committee and that his duties required him to check and inspect brands about every day, two or three times a week at least. He testified that he was able to tell the relative age of two or more brands on a single animal from the amount of scar tissue in the brand and the depth of the distance it projects from the top of the hide and also from the color of it—what is referred to as "horned out" condition of the brand. The brand grows with the animal from the time it is put on and develops more scar tissue as the animal grows older. Mr. Long specifically testified that on the eight cows above referred to, the reverse DC quarter circle was superimposed over the reverse DC brand on the right hip, and that the bar over HH over bar brand on the ninth cow was superimposed over the lazy JL brand on the left ribs.

The reverse DC over a quarter circle brand on the right hip is owned by defendant Kenneth Drinkwalter, the son of Roland Drinkwalter. The quarter circle over a reverse RD brand on the left shoulder, ribs, and hip is owned by the defendant Roland Drinkwalter, and the bar over HH over a bar on the left ribs is owned by the defendant Jean Drinkwalter, a sister of Roland Drinkwalter. These three brands were all recorded in Nebraska. The reverse DC South Dakota brand owned by the plaintiff and his brother had been in the family since the 1920's. The reverse DC over a quarter circle

was recorded for the minor defendant Kenneth Drinkwalter in Nebraska on August 9, 1961.

Neither the plaintiff nor Mr. Lewis had ever sold or given any cattle of any kind to any of the defendants. On March 1, 1965, Jack Lewis assigned his claim to the lazy JL cow above described to the plaintiff, and this action was filed on March 24, 1965, seeking the recovery of the nine cows and their calves.

The defendants' evidence was that 15 animals had been purchased from a Mr. McClanahan in Scottsbluff in May 1962; that they were unbranded except for year marks on the shoulder and a V on the jaw. There was testimony that some animals had been raised. There was also testimony that some animals had been branded with a reverse DC quarter circle; that the brands on the animals branded by them were not worked over; or that the witnesses had never seen a reverse DC on any of the animals testified about prior to the defendants' branding. The animals described by the defendants' witnesses had been taken to Mr. McGinnis' pasture. As to the one cow with the lazy JL brand, Jesse Drinkwalter testified that it was purchased from Oris Glaze and sold to his sister, Jean Drinkwalter, and that they branded it in the winter with her brand and along in the spring, when it shed off, it bore another brand. Oris Glaze had died prior to the trial.

The plaintiff's principal assignments of error are that the court erred in refusing to instruct the jury that if the plaintiff established that the animals bore his brand at the time the action was commenced, this fact was prima facie evidence of ownership of the animals by the plaintiff and the burden of proof shifted to the defendants to rebut the presumption of ownership, and that under such circumstances, the court should not have instructed the jury that the plaintiff in this action must recover, if at all, upon the strength of his own title rather than upon the weakness of the defendants' title. Error is also charged in failing to instruct the

jury that it is unlawful for any person to knowingly obliterate or deface a brand or mark upon any animal of another.

The plaintiff's pleading and proof were specifically that plaintiff's brand or that of Jack Lewis had been first placed on the specific cows involved here, and that the defendants' brands had been superimposed over them. Taken in conjunction with the Nebraska brand laws, the ownership and registration of the brands and the testimony of the investigator for the Nebraska Brand Committee, which was never directly refuted, established plaintiff's prima facie ownership of the specific cows involved. While it is true generally that in replevin, the plaintiff must recover, if at all, upon the strength of his own title rather than upon the weakness of the defendant's title, the brand statutes provide specific rules for establishing ownership of branded livestock, as well as rules of evidence and the burden of proof. Such statutes were enacted for the protection of the owners of the brands, and the brand upon cattle is prima facie evidence of title. See, Bendfeldt v. Lewis, 149 Neb. 107, 30 N. W. 2d 293; § 54-109, R. R. S. 1943.

While the brand statutes do not go so far as statutes dealing with transfer of title to motor vehicles in the sense of making title certificates the sole method of establishing ownership, their import is similar in many respects. The branding statutes, for example, prohibit any person except a bonded livestock commission firm from selling or offering for sale or trade any livestock on which such persons do not have their recorded brand or for which they have neither a bill of sale nor power of attorney from the owner of the livestock, or other substantial evidence of ownership. The bill of sale must state a buyer's name and address, the date of transfer, the guarantee of title, the number of cattle transferred, the sex, the brand or brands, the location of the brand or brands, or a statement to the effect that the animal is unbranded. See § 54-118, R. S. Supp., 1965.

In the case of a shipper or seller, if any animal inspected by the Nebraska Brand Committee is unbranded or bears a recorded brand or brands other than those of the shipper or seller, then the shipper or seller may be required to establish his ownership of such animal, and if he fails to do so within 60 days, the animal shall be considered to be an estray and the sale price paid to the Nebraska Brand Committee. See, §§ 54-148, 54-149, R. S. Supp., 1965.

We hold that in a replevin action involving branded livestock, where the plaintiff's recorded brand is on an animal and is older than defendant's brand on the animal, it is prima facie evidence of ownership in the older brand, and places the burden on the defendant to establish his right to put his brand upon the animal. State v. Moss, 95 Or. 616, 188 P. 702.

The rule stated as to automobile title certificates in the case of Allstate Ins. Co. v. Enzolera, 164 Neb. 38, 81 N. W. 2d 588, is also applicable here. "Generally, a thief can acquire no title to stolen property, nor can title to personal property be acquired through another's larceny or theft."

Plaintiff also requested that the court instruct the jury as to the provisions of section 54-114, R. R. S. 1943, making it unlawful for any person to willfully and knowingly brand the animals of another or deface or obliterate any brand or mark upon any animals of another. This instruction was refused and no instruction as to this issue given. The plaintiff had specifically pleaded the issue and had introduced evidence to establish it. It is the duty of the trial court, without request, to instruct the jury on each issue presented by the pleadings and supported by evidence. A litigant is entitled to have the jury instructed as to his theory of the case as shown by the pleadings and evidence, and a failure to do so is prejudicial. See Stillwell v. Schmoker, 175 Neb. 595, 122 N. W. 2d 538.

For the reasons stated, there was prejudicial error, and

the judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.