CLAIR COOMES, APPELLEE, v. ROLAND DRINKWALTER ET AL., APPELLANTS.

162 N. W. 2d 533

Filed November 15, 1968. No. 36862.

Charles A. Fisher and Charles F. Fisher, for appellants.

Michael V. Smith and Everett A. Anderson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action in replevin and the present appearance is the second appearance of this case in this court. See Coomes v. Drinkwalter, 181 Neb. 450, 149 N. W. 2d 60.

The facts in this action are substantially the same as those presented in the original action and will not be herein reiterated.

At the second trial, a verdict was returned and judgment entered for plaintiff for a return of the property replevied and damages in the sum of 1 cent. The principal contention of the defendants is that the evidence is insufficient to sustain the verdict. On the first appearance of this case in this court, it was held that: "In a replevin action involving branded livestock, where the plaintiff's recorded brand is on an animal and is older than defendant's brand on the animal, it is prima facie evidence of ownership in the older brand, and places the burden on the defendant to establish his right to put his brand upon the animal." Coomes v. Drinkwalter, *supra*. In addition to the prima facie case appearing from the evidence of plaintiff, there was other direct evidence identifying the property as plaintiffs and in the judgment of this court, the evidence is amply sufficient to sustain the verdict of the jury.

Roland Drinkwalter, his son Kenneth Drinkwalter, and his sister Jean Drinkwalter were all made parties defendant to this action. Each filed a demurrer on the ground that there was a misjoinder of causes of action. The demurrers were preserved in their separate answers. The petition on its face did not reflect a mis-

joinder of parties or causes of action and was not subject to demurrer. The objection of a misjoinder, however, was made in the separate answers filed by the defendants which is permissible. In the case of Cooper & Cole Bros. v. Cooper, 90 Neb. 209, 133 N. W. 243, it was held that where the fact that the defendants were not jointly liable did not appear on the face of the petition, the allegation of a misjoinder was properly made in the answer as a separate defense in connection with a defense on the merits. In the present case, it was the contention of defendants that each had exclusive ownership of a portion of the cattle and insofar as the rights of the defendants, exclusive of those of the plaintiff, are concerned this fact is borne out by the uncontroverted evidence. Defendants' theory is that since the various animals were claimed by three different persons that the causes of action against the three different defendants could not be joined. Ordinarily this would be true. "A single action of replevin against two or more defendants, each of whom is in the exclusive possession of a portion of the goods and chattels replevied, presents a clear case of misjoinder of parties and causes of action." Patchin v. Rowell, 86 Conn. 372, 85 A. 511.

However, replevin is a possessory action. "The object of an action of replevin is to recover specific personal property, and liability for the value of the property accrues only if a return of the property cannot be had." Clark v. Oldham, 166 Neb. 672, 90 N. W. 2d 329.

One who claims title to or the right to the possession of property replevied, adversely to the plaintiff, is not a necessary party. Annotation, 145 A. L. R. 905.

"A party who claims to be the owner of goods which are in controversy in an action of replevin may intervene in the case, upon filing a petition before judgment alleging his ownership." Welborn v. Eskey, 25 Neb. 195, 40 N. W. 960.

"The person in possession of the property sought to be replevied is ordinarily the proper and only necessary

party defendant, * * *." 77 C. J. S., Replevin, § 90, p. 57. See, also, Bellows v. Goodfellow, 276 Mich. 471, 267 N. W. 885; Koch v. Mack Motor Truck Corp., 201 Md. 562, 95 A. 2d 105.

The evidence in this case, as advanced by the defendants, shows that Roland Drinkwalter acquired the cattle in question, placed upon them his own, his son's, and his sister's brands, pastured them on his own land part of the time, and arranged for the pasturing of the cattle on the land of a neighbor where he, Roland Drinkwalter, exercised supervision over them the balance of the time. It is apparent that Roland Drinkwalter was the party in actual possession of the cattle, notwithstanding that his sister and son may have claimed some form of constructive possession by reason of their claim of ownership of a portion of the animals. As the party in actual possession of the replevied property, Roland Drinkwalter was the only necessary party and although his son and sister may have been entitled to intervene under such claim of ownership, their presence in the action was not necessary to a determination of the right to possession thereof.

Under the circumstances here, no damages having been awarded, it is apparent that the alleged misjoinder did not result in substantial prejudice to any of the parties. "In the absence of substantial prejudice, a misjoinder of causes of action or defenses is not a ground for reversal." 5A C. J. S., Appeal & Error, § 1684, p. 757. See, also, Stafford v. Drewry (Tex. Civ. App.), 32 S. W. 2d 255; British America Assur. Co. v. Shores, 206 Okl. 300, 243 P. 2d 343; In re Fischer's Estate, 196 Wash. 41, 81 P. 2d 836.

Defendants also challenge the sufficiency of service of summons upon the minor Kenneth Drinkwalter. It appearing that the minor is not a necessary party to this action, it is apparent that the question presented is irrelevant.

Other questions raised by the defendants are found to

be without merit and the judgment of the trial court is affirmed.

AFFIRMED.